Harold LONG, Plaintiff and Appellant,

v.

PEOPLE'S DEPARTMENT STORE, a corporation, Gordon Savran and Haskel L. Cohodes, Defendants and Respondents.

No. 7748.

Supreme Court of North Dakota.

April 6, 1959.

J. K. Murray, Bismarck, for plaintiff-appellant.

Cox, Pearce & Engebretson, Bismarck, for defendants-respondents.

BURKE, Judge.

This action, which is one for malicious prosecution, was before this court on a previous occasion when we reversed a judgment entered, notwithstanding the verdict, in favor of the defendants. Defendants' motion for judgment notwithstanding the verdict had included an alternative motion for a new trial and since this part of the motion had not been considered by the trial judge we remanded the case with leave to the defendants to renew their motion for a new trial. N.D., 74 N.W.2d 80.

The original motion for a new trial was made solely upon the ground that the evidence in the case was insufficient to sustain the verdict. There were eight particulars in which the evidence was specified to be insufficient.

After the remand of the case from this court to the district court, counsel for the defendants prepared a new motion for a new trial upon the grounds that the evidence was insufficient to sustain the verdict and that excessive damages had been awarded as a result of passion and prejudice. The specifications as to the particulars in which the evidence was insufficient are identical with the specifications in the original motion. The attorneys for the parties stipulated that this motion might be considered by the trial court upon briefs to be filed by the parties, without any notice. The stipulation expressly provided that the attorney for the plaintiff did not waive any objection that he might have to the motion for a new trial. Thereafter the attorneys for defendants served and filed an amended motion for a new trial, which was in all respects identical to the second motion except that it was expressly stated that the motion was a renewal of the original motion. The trial judge granted the motion for a new trial upon the grounds that the evidence was insufficient to sustain the verdict and that excessive damages had been awarded as the result of passion and prejudice. Plaintiff has appealed from the order granting a new trial.

Upon this appeal plaintiff specifies: 1, that the trial court was without jurisdiction to hear or grant the motion for a new trial: 2, that defendants were not entitled to any relief because their specifications as to the insufficiency of the evidence were insufficient: and 3, that the granting of the motion constituted an abuse of discretion on the part of the trial court.

Upon their first specification it is plaintiff's contention, that the defendants' first motion for a new trial, made after the remand of the case from this court, was a new and independent motion for a new trial, made after the statutory time for making such a motion had expired and not a renewal of his original motion and that therefore the court was without jurisdiction to hear and determine it. Plaintiff also says that the court was without jurisdiction to hear the second subsequent motion, which was expressly stated to be a renewal of the original motion, because no notice of hearing of this motion was ever served upon the plaintiff or his attorney.

It should be clear, beyond question, that the leave granted to the defendants on the prior appeal to present their motion for a new trial, referred to the motion which already had been made and was still pending in the trial court. Defendants were granted no leave to make a new motion incorporating additional grounds for a new trial. However, in determining whether the first motion made after the remand of the case was a new motion or a renewal of the prior motion, we must consider the actual facts, rather than nomenclature or procedural technicalities.

■ In so far as it set forth the insufficiency of the evidence as a ground for a new trial and in its specifications of the particulars in which the evidence was insufficient this motion was an exact duplicate of the original. Thus, to this extent, it was in fact a renewal of the original motion even though it was not so denominated. In so far as this motion presented grounds for a new trial additional to those set forth

in the original motion it was not a renewal. In making his decision on the motion the trial court granted the new trial both upon the ground of the insufficiency of the evidence and upon the ground that the verdict was excessive. It follows that plaintiff's challenge to the jurisdiction must be overruled with respect to the trial court's decision upon the insufficiency of the evidence and sustained with respect to his decision upon the excessiveness of the verdict.

■ Plaintiff's second assignment of error, that no specifications of the particulars in which the evidence was insufficient were filed with the original motion is without merit. It is true that no separate specifications of particulars were filed, but the claimed insufficiency of the evidence is specified with great particularity in the motion itself. Separate specifications could be no more than repetition. It is necessary that the particulars of the insufficiency of the evidence be specified, but it is immaterial whether the particulars are incorporated into the motion itself or attached thereto as separate specifications. The statute merely requires that such specifications be served with the notice of motion for a new trial. Section 28–1809 NDRC 1943.

In our consideration of plaintiff's third specification it is necessary to state the nature of the case and to review the evidence sufficiently to point out the main issue of fact in the case and the testimony with respect thereto. The action is one for malicious prosecution. It is undisputed that the defendant, People's Department Store, a corporation, of which the defendants, Savran and Cohodes, were officers, received a check for $25, signed with the name of Harold Long, in the regular course of business and that payment of this check was refused by the bank on which it was drawn for the reason that the drawer did not have sufficient funds on deposit to pay it.

It is also undisputed that the defendant, Cohodes, upon the advice of the Assistant State's Attorney of Burleigh County, signed a complaint charging Harold Long with the crime of obtaining money under false pretenses. It is also undisputed that upon a warrant of arrest issued pursuant to such complaint the plaintiff Harold Long was taken into custody by the Sheriff of Burleigh County and that upon a preliminary hearing upon said complaint, it was established that the Harold Long who had been arrested was not the Harold Long who had issued the worthless check. The plaintiff was thereupon immediately discharged. The main issue upon the trial of the case was whether the sheriff and his assistants or these defendants were responsible for the mistake in the identity of the person arrested.

The sheriff testified that when he received the warrant he went to the People's Department Store and talked to Savran and Cohodes together. He said: "We got talking about this check deal, and I said there was a Harold Long in town operating a tavern, that he is a brother of Jerry Long running and operating the oil station, and one of them says, 'That must be the man, this Harold Long that we have the check against.'" The sheriff could not remember whether it was Cohodes or Savran who made the remark. In other parts of his testimony the sheriff repeated this remark as "evidently that is the man" and that "he was the man". The sheriff also testified that "I took it for granted that this was the one they wanted." Both Savran and Cohodes testified that they remembered no such conversation.

The trial judge who heard the testimony stated in his memorandum opinion in this case:

"It appeared to the court then, and it appears to him now, that the Sheriff himself should have been the defendant in this action. I believe that view of his testimony is proper, especially in view of his indefinite and unsatisfactory testimony as to what was said in the conversation between himself on one hand, and Cohodes and Savran on the other. I believe that testimony bears evidence on its face of inherent

weakness and lack of credibility * * *." The trial judge also found that the testimony of Cohodes and Savran amounted to a denial that the conversation as related by the sheriff took place.

A motion for a new trial upon the ground of the insufficiency of the evidence is addressed to the sound discretion of the trial court and the granting of such a motion will not be disturbed on appeal except for a manifest abuse of discretion. Crossen v. Rognlie, N.D., 68 N.W.2d 110; Hoffman v. Berger, N.D., 76 N.W.2d 515. In Hoffman v. Berger, supra, 76 N.W.2d 517 we said:

"In the consideration of such motions trial courts are not confined to a consideration of whether the verdict and judgment are supported by substantial evidence. 'A margin of discretion is vested in trial courts, which permits them, with a view to promoting the ends of justice, to weigh the evidence, and, within certain limitations, act upon their own judgment with reference to its weight and credibility * * *.'"

In view of the uncertain and equivocal character of the testimony in this case, as pointed out by the trial judge in his memorandum opinion, we are satisfied that the trial judge in granting a new trial because of the unsatisfactory state of the evidence did not abuse his discretion. The order appealed from is therefore affirmed.

SATHRE, C. J., and MORRIS, J., concur.