Clara B. FERGUSON, Plaintiff
and Respondent,

v.

Walter R. HJELLE, as North Dakota State
Highway Commissioner, and the North
Dakota State Highway Department, De-
fendants and Appellants.

Civ. No. 8646.

Supreme Court of North Dakota.

Sept. 21, 1970.

Helgi Johanneson, Atty. Gen., and Myron E. Bothun, Special Asst. Atty. Gen., Bismarck, for appellants.

Tenneson, Serkland, Lundberg & Erickson, Fargo, for respondent.

ERICKSTAD, Judge.

Walter R. Hjelle, as the North Dakota Highway Commissioner, and the North Dakota State Highway Department appeal from the order of the district court of Traill County, dated July 18, 1969, which granted a new trial to Clara B. Ferguson, a landowner, in an eminent domain proceeding. We shall hereinafter refer to the latter-named person as Mrs. Ferguson and to the former-named parties as the Commissioner.

The pertinent part of the order granting the motion for a new trial reads:

> The Motion was based upon the insufficiency of the evidence to justify the verdict and also that the Court should on its own motion grant a new trial in the furtherance of justice. The matter was presented to the Court on the briefs of the parties, by oral argument and upon the minutes of the Court.

> It appears to the Court that damages other than severance damages were adequate but that the allowance of severance damages in the amount of $4,975.00 was so inadequate that the Court was shocked when the verdict of the jury was read; that the evidence would have warranted a much larger verdict for severance damages and the severance damages so allowed are not supported by the evidence; that damages proven by a preponderance of the evidence were much higher than awarded by the jury; that it is in the best interests of justice and in furtherance of justice that a new trial be granted on the Motion relating to insufficiency of the evidence to support the verdict and on the Court's own motion where the verdict was so low in relation to the evidence that the Court was shocked thereby, it is therefore

> ORDERED, that Clara B. Ferguson be given a new trial and the new trial is to proceed solely on the question of severance damages.

The Commissioner asserts the following specifications of error:

## I.

That the District Court erred in granting the Motion for a New Trial in that said Motion did not set forth adequate grounds for the granting thereof.

## II.

That the District Court erred in granting the Motion for a New Trial in that the testimony and the law of the case provide sufficient evidence and authority to justify the jury verdict.

## III.

That the District Court erred in asserting that the new trial was granted by its own Motion, the same having been initiated by the Respondent.

## IV.

That the District Court erred in determining the land value in the case and ordering the new trial as to severance damages, the latter item being dependent upon land value.

The motion on which the trial court acted to grant a new trial is in three parts. It asserts (1) that the evidence is insufficient to justify the verdict; (2) that the verdict is against the law; and (3) that the verdict of $4,975 for severance damages is so inadequate as to show disregard for the instructions rendered, evincing a verdict which was the result of confusion and misunderstanding on the part of the jury. In support of the three asserted reasons for granting a new trial, Mrs. Ferguson in Paragraphs a. through i. compares the Buringrud property with the Ferguson property and attempts with this comparison to show the inadequacy of the award of severance damages for the Ferguson property.

It is to be noted that the case of the condemnation of the Buringrud property, involving land lying adjacent to the Ferguson property, was consolidated for trial with the Ferguson condemnation case.

The motion for new trial concludes with a paragraph relative to the application of Rule 59(g) of the North Dakota Rules of Civil Procedure, which paragraph follows:

In addition to the adequacy of damages, the Court should grant a new trial on its own motion under rule 59(g) for the reason that the inadequate verdict demonstrates a disregard by the jury of the Court's instructions and the evidence in this case; that the verdict was rendered under misapprehension in treating the Buringrud and Ferguson cases as similar for purposes of awarding damages; that the consolidation of the Ferguson case with the Buringrud case, now that the trial has been had and the results are in, resulted in an unfair trial to the smaller owner and that a conflict existed through the Ferguson land being surrounded by the Buringrud land; a fight between Buringrud and Ferguson over this point as well as respective severance damages in the trial would have been unthinkable yet it is a large feature in the case; that the trial of the consolidated action failed to give justice to Ferguson and to compensate her within the intent of the Constitution of North Dakota and the laws thereunder.

Subsections (b), par. 6, (g) and (i) of Rule 59 of the North Dakota Rules of Civil Procedure are pertinent to the determination of the issues in this case.

Because we consider the comparison between the Buringrud land and the Ferguson land and the severance awards to each as immaterial, we shall not consider in this appeal the Buringrud transcript which the trial court has certified to this court, nor those parts of the specifications of error contained in the motion for new trial, as they relate to said comparisons, the said cases being separate and distinct and having been consolidated only for purposes of trial.

In support of specifications of error No. 1 and 2, the Commissioner refers us to Section 28–18–09, N.D.C.C., which reads:

*Specifications of errors and insufficiency of the evidence.*—A party desiring to make a motion for a new trial or to appeal from a judgment or other determination of a district court or county court with increased jurisdiction, except upon appeals triable de novo in the supreme court, shall serve with the notice of motion, or notice of appeal, a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict or that the evidence is of such character that the verdict should be set aside as a matter of discretion, he shall so specify. A specification of insufficiency of the evidence to sustain the verdict or decision of the court shall point out wherein the evidence is insufficient and it shall be proper to include in such specification, specifications of facts conclusively established, together with the facts claimed not to be established, in such manner as to show intelligibly wherein, on the whole case, the verdict or decision is not supported by the evidence.

§ 28–18–09, N.D.C.C.

In support of his position that the insufficiency of the evidence was not set forth with sufficient particularity to comply with Section 28–18–09, N.D.C.C., the Commissioner refers us to a decision rendered by this court in 1961, wherein we said:

\* \* \* the reason for requiring particularity and detail in the statement of "grounds" is: First, to spare the court a search of what may be a long record, and to direct its attention to what is claimed to be at fault. Second, to advise opposing counsel so that he may properly contest the matter in the trial court. Third, to provide a record for appeal so that an appellate court can judge the merits of the claims and contentions made. Nor can it be said that these requirements are technical obstacles to a moving party seeking justice.

Sullwold v. Hoger, 110 N.W.2d 457, 459 (N.D.1961).

■ On the other hand, Mrs. Ferguson points out that if the objection as to particularity is not made in the trial court, it should not prevail in the supreme court, as the requirement of specifying with particularity is intended basically to aid the trial court in determining whether or not the motion should be granted in the first instance.

That Mrs. Ferguson is correct in this position is sustained by an earlier paragraph in the same case.

It is true that when no objection is made by the opposing party for failure to specify with particularity wherein error was made or how evidence does, or does not, meet requirements, that by raising no objection the opposing party has waived his objection.

Sullwold v. Hoger, 110 N.W.2d 457, 459 (N.D.1961).

Our review of the reply to the motion for new trial and the brief filed in the trial court convinces us that the Commissioner insufficiently asserted the failure on the part of Mrs. Ferguson to specify with particularity the insufficiency of the evidence.

In construing the predecessor to Section 28–18–09, N.D.C.C., this court said:

The requirement of section 7656 of the Comp.Laws that that specification of the insufficiency of the evidence must set forth wherein the evidence is insufficient is for the benefit of the court required to pass upon it, and to apprise the opposing counsel of the objections, and may be waived. There is nothing to show what objections, if any, the opposing counsel made in the trial court. The trial court would have been justified in refusing to examine the evidence, for

section 7656 of the Compiled Laws makes the pointing out wherein the evidence is insufficient a requirement in a motion for a new trial. But there is nothing to prevent the court examining the evidence to determine whether the verdict is in accordance therewith; and this court has done so at times. See Updegraff v. Tucker, 24 N.D. 171, 139 N. W. 366.

Clausen v. Miller, 63 N.D. 778, 249 N.W. 791, 793 (1933).

Notwithstanding our willingness to review the evidence in light of the specifications of error filed with Mrs. Ferguson's motion for a new trial, we find no basis for the trial court's action in granting the new trial.

Mr. Harry Arneson, the appraiser called by Mrs. Ferguson, testified that the Ferguson land consisted of 364.32 acres, of which 49.66 acres was taken by the Highway Department for the right-of-way of Interstate 29, leaving 314.66 acres. He valued the Ferguson land at $300 per acre for a total of $109,296 before taking, and $71,299 after taking, resulting in damages of $37,997. Notwithstanding that testimony, he later testified that the land taken was worth $15,000 and that the severance damages were $15,231. This left a discrepancy in damages of $7,766. Under cross-examination Mr. Arneson testified that he diminished the value of the land by taking the 314.66 acres remaining and multiplying it by $50. That results in damages of $15,-733 and leaves a discrepancy of $502.

Mr. Kenneth Ziegler, the appraiser for the Commissioner, testified that the Ferguson land was worth $270 per acre, or $98,366.40 before the taking, and $80,762.62 after the taking. In itemizing the damages he listed $13,408.20 as the value of the land taken; $4,090.58 as severance damages; and $75 for the detour or easement area. Mr. Ziegler's figures include a $30 discrepancy.

The Commissioner points out that the jury brought in a verdict of $14,898 for the land taken; $4,975.56 for the severance damages, and $75 for the easements. He stresses that both the damages for the land taken and the severance damages are within the limits of the evidence submitted to the jury, the jury accepting the value of the land as testified to by Mrs. Ferguson's appraiser and arriving at a figure for the severance damages, which is between the figures testified to by the two appraisers.

The Commissioner inquires how the trial court could possibly be "shocked" by the verdict, in light of the state of the evidence and its instructions to the jury which, in connection with that point, read:

In arriving at the value of each parcel of property sought to be condemned by the state, you cannot fix such value above the highest or below the lowest value which has been testified to as to each parcel of property, or you may find such value to be any sum between those figures which you find from the evidence is the fair market value of each parcel, considering each parcel separately.

The Commissioner recognizes that a motion for new trial is not confined to the question of whether there is substantial evidence to support the verdict, but asserts that there must be facts in the record showing legal grounds for a new trial. He refers us to a part of what this court said in an earlier decision, concerning the specification of insufficiency of the evidence.

It is urged that the compensation assessed by the jury is inadequate, under the evidence. With respect to the land owned by the appellants Kasson and Strauss, we are clear that the claim of insufficiency of the evidence cannot be sustained. It is true that the jury fixed a much lower sum as the measure of damages sustained by these parties than some of the evidence would have warranted. But the verdict was, so far as their property was concerned, within the limits of the evidence, and must therefore be sustained. The jury, in arriving

at their conclusion, had the benefit of a personal inspection of all the property involved. In the course of the trial, the court directed that the jury be conducted by the sheriff to the premises in question, for the purpose of examining the same. This was done. The jurors, therefore, in forming their judgment as to the damages sustained by all the parties, were aided by a personal inspection of the property, and, in the light of what they saw, could determine what weight was to be given to the conflicting opinions of the several witnesses as to the damages which the various parties would sustain.

Bigelow v. Draper, 6 N.D. 152, 69 N.W. 570, 576 (1896).

■ In response to this contention, Mrs. Ferguson asserts that this court has adopted a more liberal philosophy since the *Bigelow* case and that the mere fact that the verdict is within the limits of the evidence does not require that a court sustain it against an assertion that the evidence is insufficient to support the verdict. In support of her position, she refers us to what this court said in a case not involving a condemnation proceeding, relative to the issue of the insufficiency of the evidence.

A motion for a new trial upon the ground of the insufficiency of the evidence is addressed to the sound discretion of the trial court and the granting of such a motion will not be disturbed upon appeal except for a manifest abuse of that discretion. Butler v. Aetna Ins. Co. of Hartford, 64 N.D. 764, 256 N.W. 214; Durick v. Winters, 70 N.D. 592, 296 N.W. 744; McDermott v. Sway, 78 N.D. 521, 50 N.W.2d 235. In the consideration of such motions trial courts are not confined to a consideration of whether the verdict and judgment are supported by substantial evidence. "A margin of discretion is vested in trial courts, which permits them, with a view to promoting the ends of justice, to weigh the evidence, and, within certain

limitations, act upon their own judgment with reference to its weight and credibility. Nor, in such cases will the court necessarily be governed by the fact that the verdict returned has the support of an apparent preponderence of the evidence. Unrighteous verdicts sometimes are supported by apparently substantial evidence, and to meet such exceptional cases the presiding judge, who sees and hears the witnesses, is vested with a discretion to vacate such verdicts and order a new trial in furtherance of justice." Pengilly v. J. I. Case Threshing Mach. Co., 11 N.D. 249, 255, 91 N.W. 63, 66.

Hoffman v. Berger, 76 N.W.2d 515, 517 (N.D.1956).

The Commissioner answers by inquiring how the trial court could possibly have given greater weight to the testimony of Mr. Arneson (who arrived at severance damages with variance in his computations) than to the testimony of Mr. Ziegler, without some reasonable explanation for doing so.

Although, as this writer attempted to point out in the dissent in Muhlhauser v. Archie Campbell Construction Co., 160 N.W.2d 524, at page 531 (N.D.1968), this court is more reluctant to overturn an order of the trial court granting a new trial than it is an order denying a new trial, there must be some basis in the record for the granting of the new trial.

■ In Syllabus 2 of that case, the majority of the court said:

A motion for a new trial on the ground of insufficiency of the evidence to justify the verdict invokes the discretion of the trial court, but the discretion is a legal discretion and not an arbitrary one, to be exercised in the interest of justice and where the motion is granted it must appear that the alleged cause or ground had an actual existence.

Muhlhauser v. Archie Campbell Construction Co., 160 N.W.2d 524, 525, Syllabus 2 (1968).

In this case, prior to the taking of a strip of land extending north and south through the center of section 28, Mrs. Ferguson owned the E ½ of section 28, less a strip of land for Highway 81 and the Great Northern Railway rights-of-way, and the E ½ of the SW ¼ of section 28, which she farmed as a unit. With the taking for Interstate 29 the E ½ of the SW ¼ was cut off from the rest of her land.

Prior to the taking of the land for Interstate 29, Mrs. Ferguson could come onto her land at the southeast corner of the SE ¼ and from that point farm all of the land which she owned west of U.S. Highway 81 and the Great Northern Railway rights-of-way. From that point now to reach that 80 acres from the south she must go south one mile, traverse the diamond exchange, proceed one mile west, one mile north, and then one-quarter of a mile east. She may reach the southwest corner of the 80 acres by proceeding from the north by crossing at the overhead bridge on the north, then proceeding west one-half mile, then south one mile, then east one-quarter of a mile.

Admittedly, this is a circuitous route for her to travel to reach the 80 acres, but of this fact the jury was fully cognizant, and for this inconvenience, among other things, they have awarded Mrs. Ferguson her severance damages.

Since the determination of damages in a condemnation case is primarily the responsibility of the jury, it is our view that the trial court abused its discretion in setting aside that verdict with no more explanation than that it was shocked with the verdict.

We are likewise of the opinion that no basis was shown for the application of Rule 59(g) of the North Dakota Rules of Civil Procedure, there being no evidence that the jury disregarded the instructions of the court or that it operated under a misapprehension of the instructions, or that it was influenced by passion or prejudice.

Accordingly, the order of the trial court granting a new trial is reversed and the case is remanded for the entry of judgment, consistent with the verdict of the jury and this opinion.

TEIGEN, C. J., and STRUTZ, PAULSON and KNUDSON, JJ., concur.