Gayle WRANGHAM et al., Plaintiffs
and Appellants,

v.

Ervin TEBELIUS, Defendant
and Appellee.

Civ. No. 9082.

Supreme Court of North Dakota.

June 23, 1975.

Vance K. Hill, Bismarck, for plaintiffs and appellants.

Ella Van Berkom, Minot, for defendant and appellee.

ERICKSTAD, Chief Justice.

This appeal is brought by the plaintiffs, Gayle Wrangham; Darla Wrangham, a minor; and Joan Wrangham, a minor; by and through Gayle Wrangham, their next friend, from an order of the Wells County District Court granting the motion of the defendant, Ervin Tebelius, for a new trial and denying the plaintiff's motion for a new trial.

The plaintiffs brought an alienation of affections action seeking compensatory and

exemplary damages for injuries allegedly caused them by Tebelius's wrongful conduct.

Winnifred Wrangham, the former wife of Gayle and the mother of Darla and Joan, was employed by Ervin Tebelius as his secretary in conjunction with his livestock sales business. Testimony was elicited during the trial that since 1968 Winnifred had accompanied Tebelius socially on many occasions; that they often danced and drank together and often called one another; that they once attended a wedding dance together in another town; that they spent varying periods of time together in parked automobiles and otherwise spent time together in a number of places and at all times of the day; and that they continued to do so until a short time prior to the trial out of which this appeal arose.

Other testimony indicates that Gayle Wrangham has since the time of his marriage indulged in associations of an unseemly nature with a number of women; that he has openly cohabited with a woman not his wife; that he recently visited this same woman in the State of Montana and that his relationship with her has continued for many years; that shortly after his marriage and while his wife was pregnant with their first child, a woman appeared at their home, introduced herself to Winnifred as her husband's mistress, and requested that Winnifred divorce him; that he has beaten Winnifred on many occasions and has also beaten Tebelius; that he has often abused Winnifred verbally and has done so in profane and vulgar language in the presence of their minor children; and that in June 1973 he was asked by Winnifred to leave home "because he literally beat up the whole family."

It further appears that while Gayle and Winnifred Wrangham have periodically lived together notwithstanding their problems, they are now living apart from one another and that the children now reside with Winnifred.

The complaint alleges that the defendant did abduct, entice, and seduce Winnifred Wrangham and alienate her affections from Gayle Wrangham and deprive him and the children of the comfort, society, and assistance of the wife and mother; such conduct of the defendant made the Wrangham home a miserable and desolate place to live; and this conduct caused the father and husband to leave home thereby depriving the children of the comfort, society, and assistance of their father as well as denying them the right and privilege to be raised by two affectionate parents.

Tebelius answered generally denying the allegations of the complaint and counterclaimed for damages for a beating inflicted upon him by Gayle Wrangham.

The jury dismissed Tebelius's counterclaim, found for Gayle Wrangham but awarded him no damages, and returned a verdict of $5,000 compensatory damages and $5,000 punitive damages for each of the minor daughters.

Gayle's motion for a new trial, denied by the trial judge, was based on the trial court's failure to give certain requested instructions. The first request was that the court give the following instructions:

"1.

" * * * If the defendant carnally knew plaintiff's wife, without the husband's consent, the husband is entitled to recover at least nominal damages from the defendant regardless of any other facts.

\*     \*     \*     \*     \*     \*

"7.

"Any necessary force may be used to protect your wife or child from wrongful injury."

When the trial court refused to give these instructions, Gayle requested that Section 14–02–07, N.D.C.C., be given in its entirety. This request the court also refused. That section reads:

"14–02–07. Force to protect.—Any necessary force may be used to protect from wrongful injury the person or property of one's self, or of a wife, husband, child, parent, or other relative, or member of one's family, or of a ward, servant, master, or guest." N.D.C.C.

Tebelius's motion for a new trial was based in part on the contention that the evidence was insufficient to justify the verdict as rendered by the jury.

The pertinent part of the trial court's memorandum opinion reads:

"I am going to grant the defendant's motion for new trial and deny the plaintiffs' motion for new trial as appears in his Paragraph 3. I don't think the verdict is supported by the evidence. I think it is clearly a result of passion and prejudice. I find no evidence of damage to the children, the only testimony being as I have recited: that they heard an argument within the family home wherein this was admitted but, as I have said, that argument was precipitated directly by Wrangham and could have been avoided, and he brought that on himself, and the only evidence I have of damage at all. The rest is conjecture. There is no testimony whatever of monetary damage, damage to reputation, damage to feelings. The children didn't testify. No person in the community testified. And I cannot assume that damage exists when there is no evidence of it, so that will be the ruling."

The first issue for our consideration is whether the trial court abused its discretion in granting the defendant's motion for a new trial. Rule 59(b)(6), N.D.R.Civ.P., provides:

"(b) Causes for new trial. The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

\*　　\*　　\*　　\*　　\*　　\*

"6. Insufficiency of the evidence to justify the verdict or other decision, \* \* \*" Rule 59, N.D.R.Civ.P.

The discretion of the trial court in passing on the motion for a new trial is a legal discretion to be exercised in the interests of justice. When it appears to the trial court that the verdict is against the weight of the evidence, it is the duty of that court to set aside the verdict and to grant a new trial. Johnson v. Frelich, 165 N.W.2d 343 (N.D.1969); Long v. People's Department Store, 95 N.W.2d 904 (N.D.1959). The granting of a motion for a new trial upon the ground of the insufficiency of the evidence will not be disturbed on appeal unless a manifest abuse of that discretion appears. Long v. People's Department Store, 95 N.W.2d 904 (N.D.1959).

We have said in a number of cases, including Long v. People's Department Store:

"In the consideration of such motions trial courts are not confined to a consideration of whether the verdict and judgment are supported by substantial evidence. 'A margin of discretion is vested in trial courts, which permits them, with a view to promoting the ends of justice, to weigh the evidence, and, within certain limitations, act upon their own judgment with reference to its weight and credibility \* \* \*.'" Long v. People's Department Store, 95 N.W.2d 904 at 908 (N.D. 1959).

In an appeal from an order granting a new trial, the appellant has the burden of showing that the trial court erred and that the granting of the new trial was a manifest abuse of the trial court's discretion. Johnson v. Frelich, *supra.*

This court has also held that a stronger showing is required to reverse an order granting a new trial than to reverse an order denying one. For an application of this view see Stein v. Ohlhauser, 211 N.W.2d 737 (N.D.1973), and the development of the law stated in the dissent in Muhlhauser v. Archie Campbell Construction Co., 160 N.W.2d 524 at 531 (N.D.1968).

■ Having examined the record before us today, we conclude that the appellants have failed to sustain their burden of showing an abuse of discretion. The test of what is within the discretion of a court has been suggested by the question: Could the court have properly decided the question either way? If so, there is no abuse of discretion in deciding it one way as opposed to the other. See In re Estate of Elmer, 210 N.W.2d 815 (N.D.1973), and the development of the law stated in the dissent in Muhlhauser v. Archie Campbell Construction Co., 160 N.W.2d 524 at 533 (N.D.1968).

■ Our view is that the trial court could have reasonably found that the evidence supported an award to the children or that it did not. As the trial court indicated in its memorandum opinion, no direct evidence of damage to the children was presented at trial.

No testimony relating to damage to the children was submitted by the neighbors, the school teachers, the religious advisors, the medical doctors, the school nurse, or anyone else who might reasonably have witnessed the children and discerned suffering.

The trial court may have concluded that the damage, if any, suffered by the children was caused wholly by the misconduct of their father and not by their mother's friend. From the nature of the father's misconduct, we do not think that conclusion unreasonable.

The second issue for our consideration is whether the trial court erred in denying Gayle Wrangham's motion for a new trial. The motion was based upon the court's failure to give the requested instructions previously set forth herein.

Rule 59(b)(7), N.D.R.Civ.P., permits the granting of a new trial for errors in law occurring at the trial.

■ Let us first consider the question of the propriety of denying the requested instruction on the use of force. The trial court, in considering Gayle Wrangham's motion for a new trial, could have found that the force used by Gayle Wrangham toward Ervin Tebelius was unrelated to any protection of self, wife, children, or property. It could have concluded that the force used, because of the circumstances, was punitive only and not preventative. Accordingly, we find in the record no evidence which supports a finding on appeal that the trial court erred in refusing to give the requested instruction on force and in subsequently denying the plaintiff's motion for a new trial.

■ The defendant's requested instruction concerning the awarding of nominal damages would have required the jury to award such damages if it found that Tebelius carnally knew Winnifred Wrangham, irrespective of any other fact.

Section 32–03–38, N.D.C.C., pertaining to nominal damages reads:

"32–03–38. Nominal damages.—When a breach of duty has caused no appreciable detriment to the party affected, he may recover nominal damages." N.D. C.C.

Unlike the defendant's requested instruction, the statute allows such damages but does not *require* that such damages be awarded. Accordingly, we find no error in the trial court's refusal to give the instruction on nominal damages.

■ The trial court is not bound to revise and restate requested instructions that are not presented in proper form and which mingle correct statements of the law with those that are incorrect or ambiguous. Chandler v. Hjelle, 126 N.W.2d 141, 149 (N.D.1964).

It is our view that Gayle Wrangham has failed to sustain his burden of proof in that he has failed to prove that the trial court erred in denying his motion for a new trial.

For the reasons stated in the opinion, the order of the trial court denying Gayle Wrangham's motion for a new trial and granting Ervin Tebelius's motion for a new trial is affirmed.

SAND, PAULSON, PEDERSON and VOGEL, JJ., concur.