**David V. MAROHL and Shannon Marohl, husband and wife, Plaintiffs and Appellants,**

v.

**Jeff L. OSMUNDSON, Defendant and Appellee.**

**Civ. No. 900131.**

Supreme Court of North Dakota.

Oct. 31, 1990.

Rehearing Denied Dec. 17, 1990.

Dan D. Plambeck of Stefanson, Landberg & Plambeck, Moorhead, for plaintiffs and appellants.

Carlton J. Hunke of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendant and appellee.

VANDE WALLE, Justice.

This appeal follows from the trial court's order denying the appellants' motion for a new trial. We affirm.

On December 19, 1986, at approximately 8:00 p.m., a vehicle driven by Jeff L. Osmundson struck a pedestrian, David Marohl, as Marohl was attempting to cross Dakota Avenue at Third Street in Wahpe-

ton, North Dakota. Dakota Avenue is a four-lane thoroughfare which runs east and west. The two-way traffic on Dakota Avenue is divided by a median which stops just short of the crosswalk at Third Street.

Osmundson had consumed twelve to fourteen beers in the preceding three-and-one-half hours and was intoxicated at the time of the accident. The side windows of his vehicle were frosted over and Osmundson did not see Marohl before striking him. There was no evidence that Osmundson was exceeding the speed limit or driving in a reckless manner.

Marohl also had been drinking that evening, having consumed six to seven beers in the four hours preceding the accident. Marohl crossed the westbound lanes of Dakota Avenue and had just stepped from behind the median into the eastbound lanes when he was struck. Marohl was in the crosswalk but was walking with his head down and made no effort to observe the on-coming eastbound traffic.

The jury returned a special verdict attributing fifty percent of the negligence which proximately caused the accident to Osmundson and fifty percent to Marohl. The Marohls contend that the jury's finding is manifestly against the weight of the evidence thus requiring a new trial pursuant to Rule 59(b), NDRCivP. We disagree.

The decision to deny a new trial rests in the sound discretion of the trial court. *Olmstead v. First Interstate Bank*, 449 N.W.2d 804 (N.D.1989). To set aside a jury verdict and grant a new trial, the trial court must find the verdict to be manifestly against the weight of the evidence. *Mauch v. Manufacturers Sales & Service, Inc.*, 345 N.W.2d 338 (N.D.1984). On appeal, we review the evidence in the light most favorable to the verdict and the trial court's refusal to grant a new trial based upon the insufficiency of the evidence will not be disturbed unless a manifest abuse of discretion is shown. *E.g., Mauch, supra; Scientific Application, Inc. v. Delkamp*, 303 N.W.2d 71 (N.D.1981); *Leonard v. North Dakota Co-Op Wool Market Ass'n*, 72 N.D. 310, 6 N.W.2d 576 (1942). An abuse of discretion by a trial court in granting or denying a motion for a new trial is defined as an unreasonable, arbitrary, or uncon-

scionable attitude on the part of the court. *Holte v. Carl Albers, Inc.*, 370 N.W.2d 520 (N.D.1985).

The evidence is sufficient to permit a jury to find that both Osmundson and Marohl were equally negligent in causing the accident. Osmundson admitted that he was negligent and does not dispute that his behavior was a proximate cause of the accident. Marohl also admits some negligence but denies that his negligence equaled that of Osmundson.

The evidence showed that Marohl had taken approximately one step into the eastbound lanes of traffic when he was struck. Under North Dakota law, a pedestrian may not suddenly leave a place of safety and enter the path of a vehicle which is so close as to constitute an immediate hazard. NDCC § 39–10–28(2). A "place of safety" is not defined by the statute and the jury received no instructions defining the phrase. Whether Marohl negligently left a "place of safety" was a factual determination to be made by the jury.

The jury could find that Marohl was negligent in stepping out from behind the median into on-coming traffic and that such negligence was a proximate cause of the accident. Marohl conceded at trial that he had previously used that crosswalk and had stopped on occasion in front of the median to wait for traffic that was so close as to constitute a hazard. Marohl failed to keep watch for on-coming traffic, stepped away from the protection offered by the median and was struck when he was approximately one step into the eastbound lanes. There is substantial evidence to sustain the jury verdict.

Because there is substantial evidence to sustain the jury verdict, we conclude that the trial court did not abuse its discretion in denying the Marohls's motion for a new trial. The causation issue is dispositive of this case; therefore we do not reach the issue of damages.

Order affirmed.

ERICKSTAD, C.J., and MESCHKE and GIERKE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of LEVINE, J., disqualified.