Raymond F. SCHUTT, Plaintiff
and Appellant,

v.

Rosalind SCHUMACHER, Defendant
and Appellee.

Civil No. 960015.

Supreme Court of North Dakota.

May 29, 1996.

William P. Zuger, of Zuger Law Offices, Bismarck, for plaintiff and appellant.

Curtis L. Wike, of Fleck, Mather & Strutz, Bismarck, for defendant and appellee.

SANDSTROM, Justice.

Raymond Schutt appealed from a judgment dismissing his action against Rosalind Schumacher to recover damages for injuries he received in a two-vehicle accident. Schutt also appealed from the trial court's order denying his motion for a new trial. We hold the jury's finding Schutt did not sustain a serious injury in the accident is supported by substantial evidence and the trial court did not abuse its discretion in denying Schutt's motion for a new trial. We affirm the judgment and the order denying a new trial.

I

Schutt incurred injuries to his neck, back, and left shoulder when his vehicle collided with Schumacher's vehicle at an intersection in Beulah on October 21, 1992. In January 1995, Schutt sued Schumacher for his pain and suffering and other noneconomic damages. Schumacher admitted the accident was her fault, but she asserted she was exempt, under N.D.C.C. § 26.1–41–08(1)(a), from liability to pay for Schutt's noneconomic damages because Schutt did not sustain a serious injury in the accident. The case was tried before a jury, which returned a special verdict finding Schutt did not sustain a serious injury and, upon that verdict, the district court entered judgment dismissing Schutt's action with prejudice. Schutt moved for a new trial on the ground there was not substantial evidence to support the jury's finding he did not sustain a serious injury. The district court denied the motion, and Schutt appealed.

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C.

§ 27–05–06(2). The appeal was filed in a timely manner under N.D.R.App.P 4(a). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–27–01.

II

Schutt asserts the only issue on appeal is whether "[t]here was no evidence at trial to support the jury verdict." We exercise a limited review of jury findings. We view the evidence in the light most favorable to the verdict and determine only whether there is substantial evidence to support it. *Beavers v. Kaiser*, 537 N.W.2d 653, 657 (N.D.1995). We uphold a jury's special verdict on appeal whenever possible and will set aside a special verdict "only when it is perverse and clearly contrary to the evidence." *Reisenauer v. Schaefer*, 515 N.W.2d 152, 157 (N.D.1994).

Under N.D.C.C. § 26.1–41–08 of the North Dakota Auto Accident Reparations Act, a "secured person"[1] is exempt from liability for noneconomic loss unless there is a serious injury. A "serious injury" is defined by N.D.C.C. § 26.1–41–01(21) as "an accidental bodily injury which results in death, dismemberment, serious and permanent disfigurement or disability beyond sixty days, or medical expenses in excess of two thousand five hundred dollars. . . ." Schutt had the burden of alleging and establishing at trial he sustained a serious injury and therefore met the no-fault threshold for recovering noneconomic loss. *Erdmann v. Thomas*, 446 N.W.2d 245, 246 (N.D.1989).

A

During the trial, Schutt introduced a summary of medical expenses totaling $2,967.25. Schumacher did not object to admission of the exhibit, and Schutt argues Schumacher, by not objecting, conceded Schutt has exceeded the $2,500 medical expense threshold for a serious injury. Schutt's argument is without merit. Evi-

---

1. N.D.C.C. § 26.1–41–01(20) defines a secured person as "the owner, operator, or occupant of a secured motor vehicle, and any other person legally responsible for the acts or omissions of the owner, operator, or occupant." There is no dispute Schumacher is a secured person under this statute.

dence of medical expenses can be admitted without expert medical opinion that the expenses were necessitated by the defendant's conduct, and, once admitted upon a foundational showing the evidence is relevant, the question whether the medical expenses were incurred as a result of the defendant's wrongdoing is for the jury to decide. *Erdmann v. Thomas,* 446 N.W.2d 245, 248 (N.D. 1989). Schutt's attorney has not cited any authority for his argument a party's failure to object to admission of evidence constitutes an implied stipulation to the truth of the facts the evidence attempts to demonstrate.

Schumacher's attorney made her position eminently clear in a letter, dated October 31, 1995, to Schutt's attorney:

"This letter will confirm our telephone conversation on October 26, 1995, wherein we agreed to stipulate to foundation as to medical records although we reserve any and all other objections."

Again, during pretrial conference with the court, Schumacher's attorney expressly stated there was a stipulation only to the "foundation" on the medical records. Both attorneys then agreed the court would instruct the jury "one of the questions in this case is whether or not it's a serious injury that is defined by statute as being more than $2,500.00 in medicals and disability going beyond 60 days." Clearly, Schumacher did not concede this issue.

B

■ Schutt testified he sustained neck, upper back, and left shoulder injuries in the October 1992 accident. He also candidly acknowledged, however, he had experienced frequent shoulder, neck, and back pain before the accident. After the accident, he received chiropractic treatments for a year, and he testified his neck and back injuries were resolved by December 1993. Schutt also sought treatment for his shoulder pain from two orthopedic surgeons, who recommended he do physical therapy exercises to "build up the other muscles."

Schutt testified he reinjured his neck and back in November 1994 when he was involved in a second motor vehicle accident. After that accident, he saw Dr. Michael Mar-

tire, the outpatient medical director at the Medcenter One Rehabilitation Center, who concluded Schutt may have suffered a "partial tear of the rotator cuff" with "chronic left shoulder pain secondary to left rotator cuff tendinitis and degeneration." Dr. Martire recommended physical therapy exercises, which Schutt did not begin until August 1995.

Viewing the evidence in a light most favorable to the verdict, there is substantial evidence to support the jury's finding Schutt did not meet the $2,500 medical expense threshold. The jury could have concluded some of Schutt's medical expenses were for treatment of neck, back, and shoulder ailments preexisting the accident and were neither related to nor aggravated by it. The jury also could have concluded some of Schutt's medical expenses were attributable to the second motor vehicle accident in November 1994. We conclude there is substantial evidence to support the jury finding Schutt did not meet the $2,500 medical expense threshold.

C

■ Schutt also argues he incurred a serious injury because he had a "disability beyond 60 days." The term disability is defined under N.D.C.C. § 26.1–41–01(6) as "the inability to engage in substantially all of the injured person's usual and customary daily activities." Schutt operates his own carpentry business, and he testified he is still capable of doing "everything from manual labor to operating equipment." Although Schutt testified he had some difficulty after the accident raising his arms above his head and it particularly bothers him when he is "throwing sheeting up on the roof," he still engages in this activity and others requiring raised arm motions. Schutt also testified he continues to enjoy golfing, swimming, and water skiing, but with some limitations. We conclude the record contains substantial evidence to support the jury's finding Schutt is not disabled, as defined by the statute, because he is not unable to engage in substantially all of his usual and customary daily activities. *See Ellingson v. Knudson,* 498 N.W.2d 814, 819 (N.D.1993).

Having reviewed the evidence in the light most favorable to the jury verdict, we con-

clude there is substantial evidence supporting the jury's special verdict finding Schutt did not sustain a serious injury.

### III

Schutt claims the trial court abused its discretion in refusing to grant a new trial. In *Marohl v. Osmundson*, 462 N.W.2d 145, 146–147 (N.D.1990), we summarized our standard for reviewing a trial court's decision on a motion for a new trial:

"The decision to deny a new trial rests in the sound discretion of the trial court.... To set aside a jury verdict and grant a new trial, the trial court must find the verdict to be manifestly against the weight of the evidence.... On appeal, we review the evidence in the light most favorable to the verdict and the trial court's refusal to grant a new trial based upon the insufficiency of the evidence will not be disturbed unless a manifest abuse of discretion is shown...." (Citations omitted.)

Having concluded there is substantial evidence to support the jury verdict, we further conclude the trial court did not abuse its discretion in denying Schutt's motion for a new trial.

In accordance with this opinion, the judgment and the order denying a new trial are affirmed.

VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur