2007 ND 54

**Joelle GISVOLD, Plaintiff and Appellant**

v.

**WINDBREAK, INC., Defendant and Appellee.**

**No. 20060209.**

Supreme Court of North Dakota.

April 19, 2007.

Rex A. Hammarback, Hammarback, Dusek & Associates, P.L.C., East Grand Forks, MN for plaintiff and appellant.

Robert J. Udland (argued) and Robin A. Schmidt (appeared), Vogel Law Firm, Fargo, N.D., for defendant and appellee.

CROTHERS, Justice.

[¶ 1] Joelle Gisvold appeals from a judgment denying her motion for a new trial and dismissing her negligence action against Windbreak, Inc., after a jury found Windbreak was not at fault for Gisvold's injuries. Because we cannot determine whether the district court applied the correct legal standard on Gisvold's motion for new trial, we reverse and remand for reconsideration under the correct standard.

I

[¶ 2] Gisvold alleged she slipped and fell while dancing at the Windbreak Saloon & Casino in Fargo, which is owned and operated by Windbreak, and incurred serious injuries to her right wrist, which ultimately resulted in several surgeries and a

prosthesis being implanted in her wrist. Gisvold claimed Windbreak breached its duty to provide a safe dance floor for its customers because Windbreak's manager, Chad Klimek, admitted he had applied too much dance wax to the floor, which made it "extremely slippery" like "wet ice on wet ice." She claimed Windbreak failed to warn her about the dangerous condition on the dance floor. Windbreak asserted it was not liable for Gisvold's injuries and did not breach its duty of care because Klimek did not use an excessive amount of dance wax on the floor. Windbreak claimed it effectively impeached Klimek's testimony about the amount of dance wax applied to the floor, because Klimek quit his job with Windbreak for unrelated reasons to avoid being fired and Klimek believed Windbreak owed him money for a raise he did not receive, plus an $8,000 bonus.

[¶ 3] A jury returned a special verdict, finding Windbreak was not at fault for Gisvold's damages. Gisvold moved for a new trial under N.D.R.Civ.P. 59(b)(6), claiming there was insufficient evidence to justify the verdict. After a hearing, the district court denied Gisvold's motion.

## II

[¶ 4] Gisvold argues the district court abused its discretion in denying her motion for a new trial. Relying on *State v. Weber*, 49 N.D. 325, 191 N.W. 610 (1922) and statements by the district court at the hearing on her motion for a new trial, Gisvold argues the court's denial of her motion was arbitrary, unconscionable, and unreasonable because the court specifically said it would have granted judgment for her and because the court did not weigh the evidence and judge the witnesses' credibility as required by N.D.R.Civ.P. 59(b)(6). She argues the court's failure to exercise its independent legal discretion was arbitrary, unconscionable, and unrea-

sonable and the evidence supports only a verdict for her. Windbreak responds that although the court may have said it would have decided the case differently from the jury, the court's statements, when read in context and as a whole, indicate the court did not find the verdict was against the manifest weight of the evidence and the verdict was supported by the evidence.

[¶ 5] A motion for a new trial under N.D.R.Civ.P. 59(b)(6) based on a claim of insufficient evidence is addressed to the sound discretion of the district court. *Brandt v. Milbrath*, 2002 ND 117, ¶ 24, 647 N.W.2d 674; *Okken v. Okken*, 325 N.W.2d 264, 269 (N.D.1982). A district court's discretionary authority to decide a motion for a new trial is different from this Court's authority on review, which is limited to whether the district court abused its discretion. *Brandt*, at ¶ 23; *Okken*, at 269. A district court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, when its decision is not the product of a rational mental process by which the facts of record and law relied upon are stated and considered together for the purpose of achieving a reasonable determination, or when it misinterprets or misapplies the law. *Usry v. Theusch*, 521 N.W.2d 918, 919 (N.D. 1994).

[¶ 6] Over the years, this Court has variously described the legal tests that have evolved for a district court's consideration of a motion for a new trial based on insufficiency of the evidence. We have often said a district court may set aside a jury verdict and order a new trial when the district court decides the verdict is "manifestly against the weight of the evidence." *Brandt*, 2002 ND 117, ¶ 25, 647 N.W.2d 674; *Larson v. Kubisiak*, 1997 ND 22, ¶ 6, 558 N.W.2d 852; *Schutt v. Schumacher*, 548 N.W.2d 381, 384 (N.D.1996); *Marohl v. Osmundson*, 462 N.W.2d 145,

146 (N.D.1990); *Mauch v. Manufacturers Sales & Serv., Inc.*, 345 N.W.2d 338, 344 (N.D.1984); *Scientific Application, Inc. v. Delkamp*, 303 N.W.2d 71, 74 (N.D.1981); *Wall v. Pennsylvania Life Ins. Co.*, 274 N.W.2d 208, 218–19 (N.D.1979); *Cook v. Stenslie*, 251 N.W.2d 393, 395–96 (N.D. 1977); *Maier v. Holzer*, 123 N.W.2d 29, 32 (N.D.1963). This Court has also said a district court's discretion to grant a new trial based on insufficiency of the evidence is a legal discretion to be exercised "in the interests of justice." *E.g., Munro v. Privratsky*, 209 N.W.2d 745, 757 (N.D.1973); *Trautman v. New Rockford–Fessenden Co-op. Transp. Ass'n*, 181 N.W.2d 754, 763 (N.D.1970); *Ferguson v. Hjelle*, 180 N.W.2d 408, 413 (N.D.1970); *Leake v. Hagert*, 175 N.W.2d 675, 689 (N.D.1970); *Muhlhauser v. Archie Campbell Constr. Co.*, 160 N.W.2d 524, 528 (N.D.1968); *Pocta v. Kleppe Corp.*, 154 N.W.2d 177, 183 (N.D.1967); *Chicago, Milwaukee, St. Paul & Pac. R.R. Co. v. Johnston's Fuel Liners, Inc.*, 130 N.W.2d 154, 157 (N.D.1964); *Maier*, 123 N.W.2d at 32; *Kohlman v. Hyland*, 56 N.D. 772, 779, 219 N.W. 228, 230 (1928). On other occasions, this Court has said a new trial is warranted when the jury verdict is "against the clear weight of the evidence." *Okken*, 325 N.W.2d at 271; *Nokota Feeds, Inc. v. State Bank of Lakota*, 210 N.W.2d 182, 187 (N.D.1973); *Weber*, 49 N.D. at 330, 191 N.W. at 612. We have sometimes said a motion for a new trial asks the district court to decide whether the verdict is against the weight of the evidence. *Forster v. West Dakota Veterinary Clinic, Inc.*, 2004 ND 207, ¶ 26, 689 N.W.2d 366; *Rittenour v. Gibson*, 2003 ND 14, ¶ 12, 656 N.W.2d 691; *Comstock Constr., Inc. v. Sheyenne Disposal, Inc.*, 2002 ND 141, ¶ 7, 651 N.W.2d 656; *Perry v. Reinke*, 1997 ND 213, ¶¶ 21–22, 570 N.W.2d 224; *Okken*, 325 N.W.2d at 269; *Wrangham v. Tebelius*, 231 N.W.2d 753, 756 (N.D.1975); *Kohlman*, 56 N.D. at 779,

219 N.W. at 230. So too this Court has stated a district court abused its discretion in granting a new trial when the jury verdict was supported "by the great preponderance of the evidence," *Benzmiller v. Swanson*, 117 N.W.2d 281, 286 (N.D.1962), and was "amply supported by the evidence." *Hamre v. Senger*, 79 N.W.2d 41, 47 (N.D.1956).

[¶ 7] Other authorities have recognized that a district court's standard in ruling on a motion for a new trial is not clear and somewhat confused. *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2806 (1995) (stating standard is not clear and it is doubtful whether any verbal formula will be useful to trial courts because all formulations are couched in broad and general terms that furnish no unerring litmus test for a particular case); 12 James Wm. Moore, *Moore's Federal Practice* § 59.13[2][f][iii][B] (3rd ed.2006) (stating standard is unclear and "somewhat confused"). *See also Lind v. Schenley Indus., Inc.*, 278 F.2d 79, 88–91 (3rd Cir.1960) (stating no consensus as to exact standards to be used by trial court and discussing several tests, including (1) no interference with verdict unless miscarriage of justice and quite clear jury has reached seriously erroneous result, (2) no interference with verdict unless verdict manifestly and palpably against evidence so as to compel conclusion the verdict is contrary to right and justice, or the evidence as a whole, after according it the highest probative force to which it is lawfully entitled, is insufficient to support the verdict, and (3) giving trial court almost unlimited discretion in granting or denying motion for new trial).

[¶ 8] Notwithstanding the various descriptions of the legal test that have evolved in this state, the underlying meaning has remained essentially the same and

can be found by looking at our cases. In *Weber*, 49 N.D. at 326, 191 N.W. at 610, a case decided before the adoption of the rules of civil procedure, this Court reversed a district court's denial of a defendant's motion for a new trial in a bastardy proceeding. In denying the defendant's motion for a new trial on the basis of insufficient evidence, the district court said, "The evidence is of so unsatisfactory a character and the results of the trial as a whole leaves my mind in such a state that if I had been a juror I could not have returned a verdict of guilty against the defendant." *Id.* at 326, 191 N.W. at 610. However, the district court denied the defendant's motion for a new trial, concluding there were no errors of law warranting the vacating of the jury verdict and "one man ought not to intervene to overthrow" the verdict. *Id.* at 326, 191 N.W. at 610. In reversing the district court's decision, this Court cited with approval numerous authorities to the effect that a district court must uphold a jury verdict against mere doubts as to the verdict's correctness, but a district court may set aside the verdict when the court's judgment tells it the verdict is wrong and clearly against the fair preponderance or weight of the evidence. *Id.* at 329–36, 191 N.W. at 612–14. In *Weber*, this Court decided the district court's statement about the character of the evidence manifested a "disapproval of the verdict in no uncertain terms" and remanded for a new trial. *Id.* at 335–36, 191 N.W. at 614.

[¶ 9] Under N.D.R.Civ.P. 59(b)(6), the district court's role in considering a motion for a new trial based on a claim of insufficient evidence is similar to the standard from *Weber*. *See, e.g., Brandt*, 2002 ND 117, ¶ 25, 647 N.W.2d 674; *Cook*, 251 N.W.2d at 395–96; *Wrangham*, 231 N.W.2d at 756. In *Wrangham*, this Court said a district court's discretion in considering a motion for a new trial based on a

claim of insufficient evidence is not confined to whether the verdict is supported by substantial evidence; rather, the court is vested with a margin of discretion to weigh the evidence and, within limitations, act upon its own judgment with a view to promote the ends of justice. 231 N.W.2d at 756. In *Cook*, this Court explained a district court may not set aside a jury verdict merely because the court disagrees with the verdict; rather, the district court must find the verdict was manifestly against the weight of the evidence. 251 N.W.2d at 395–96. This Court cited *Weber* with approval for the proposition that a district court may not substitute its judgment for the jury when the evidence is nearly balanced, but a district court may set aside a verdict when the court's judgment tells it the verdict is wrong and against the fair preponderance of the evidence. *Cook*, at 396 (citing *Kohlman*, 56 N.D. at 779, 219 N.W. at 230). In *Cook*, at 396 n. 1, this Court recognized *Kohlman* had been "cited and relied upon by this court in numerous later decisions with some language modification leaving an ambiguous impression as to the applicable standards for granting new trials on the insufficiency of the evidence."

[¶ 10] In *Brandt*, 2002 ND 117, ¶ 25, 647 N.W.2d 674, we recently summarized common threads for the standard for a district court's consideration of a motion for a new trial based on a claim of insufficient evidence:

When considering a motion for a new trial, under N.D.R.Civ.P. 59, the "district court may, 'within limits, weigh the evidence and judge the credibility of witnesses.'" *Perry*, 1997 ND 213, ¶ 21, 570 N.W.2d 224 (quoting *Okken v. Okken*, 325 N.W.2d 264, 269 (N.D.1982)).

In particular, when a motion for a new trial is made and the reason given in support of the motion is that there

was insufficient evidence to justify the verdict, the moving party is asking the trial court to decide whether or not the verdict is against the weight of the evidence. And in making this decision, the trial judge must weigh the evidence; he must consider that evidence which supports the verdict equally with that evidence which challenges the verdict. In short, when ruling on a motion for a new trial, the trial judge may consider *all* the evidence.

*Okken*, at 269 (citations omitted). While a district court is given great latitude to decide whether a motion for a new trial should be granted, its discretion is not without limits.

> We do not mean ... that [the trial judge] is to substitute his own judgment in all cases for the judgment of the jury, for it is their province to settle questions of fact; and, when the evidence is nearly balanced, or is such that different minds would naturally and fairly come to different conclusions thereon, he has no right to disturb the findings of the jury, although his own judgment might incline him the other way. In other words, the finding of the jury is to be upheld by him as against any mere doubts of its correctness. But when his judgment tells him that it is wrong, that, whether from mistake, or prejudice, or other cause, the jury have erred, and found against the fair preponderance of the evidence, then no duty is more imperative than that of setting aside the verdict, and remanding the question to another jury.

*Cook v. Stenslie*, 251 N.W.2d 393, 396 (N.D.1977) (citations omitted). "To set aside a jury verdict and grant a new trial, the trial court must find the verdict to be manifestly against the weight of the evidence." *Larson v. Kubisiak,*

1997 ND 22, ¶ 6, 558 N.W.2d 852 (citations omitted).

■ [¶ 11] Because our standard for a district court's consideration of a motion for a new trial has sometimes lacked precision, we now articulate and clarify that a district court considering a motion for a new trial based on insufficiency of the evidence may not substitute its own judgment for that of the jury, or act as a thirteenth juror when the evidence is such that different persons would naturally and fairly come to different conclusions, but may set aside a jury verdict when, in considering and weighing all the evidence, the court's judgment tells it the verdict is wrong because it is manifestly against the weight of the evidence. *See Brandt*, 2002 ND 117, ¶ 25, 647 N.W.2d 674; *Perry*, 1997 ND 213, ¶¶ 21–22, 570 N.W.2d 224; *Larson*, 1997 ND 22, ¶ 6, 558 N.W.2d 852; *Schutt*, 548 N.W.2d at 384; *Marohl*, 462 N.W.2d at 146; *Mauch*, 345 N.W.2d at 344; *Okken*, 325 N.W.2d at 269; *Wall*, 274 N.W.2d at 218–19; *Cook*, 251 N.W.2d at 395–96; *Wrangham*, 231 N.W.2d at 756; *Maier*, 123 N.W.2d at 32; *Weber*, 49 N.D. at 329–36, 191 N.W. at 612–14.

[¶ 12] Here, at the beginning of the hearing on the motion for a new trial, the district court prefaced counsels' arguments with a request to assume

> the Court would have, sitting without a jury, would have rendered a Plaintiff's verdict, where does that get you? What difference does that make since the case was tried by a jury and they found no negligence? Is that to be considered at all? How does that fit into the standard, that the District Court is supposed to look at on a Motion for New Trial? And what is the fine line where the Court can, in other words, substitute its judgment for the judgment of a jury?

[¶ 13] Later during the hearing, the court said:

when [the court reporter] and I left the Courtroom, and had our common discussion, we look at those things very differently. What would you do, the answer to which would have been, I would have given the Plaintiff's verdict for, and I forget all the figures, but somewhere, I forget if it was $200,000 or $300,000, but what will happen to the case, that is, what the jury will do with the case, our discussion was very different.

Our discussion in that regard was basically, well, there is only about a 50/50 chance the jury will find negligence. There is about a 50/50 chance that the jury will hold back some of the specials, because of the unanticipated surgeries, because our juries are so—so therefore, there is only a 50/50 chance on the 50/50, like a 25 in a 100 chance the jury would do what I would do, and that is, give a significant verdict.

And I raise that because I'm trying to be as honest and forthcoming with both counsel, as my view of the case when it was over. But we look at it what we would do sitting without a jury is really a very, very different inquiry as to how we think the case is going to come out.

[¶ 14] Later, the court asked, "[I]s there any evidence in the case, or is that not the standard I can look at? Any evidence in the case which would support no negligence?" The court also said, "[T]he thing that I'm struggling with is just the construct of the evidence that came in directly or indirectly, including evidence by inference, that [Windbreak] would have met their duty of ordinary care."

[¶ 15] Finally, the court said:

I was trying to look at, it was a very small line of cases, and it was a line of cases urged by [counsel for Gisvold], which goes a little off the simple rule, and says that there are cases where there might be some duty of the Court to get involved. And I was trying to see if I could read those cases and come up with some kind of clear, you know, clear line or thought as to when there is some kind of obligation. And I really couldn't, I mean, I couldn't read the cases. I mean, there is no simple A, B, C, D or 1, 2, 3, 4 or simple rule or anything. I couldn't find it, or I couldn't discern it. The case that I read several times, it starts with a W, was it *Wrangham?*

. . . .

*Wrangham. Wrangham* I read several times trying to understand that case, and I mean, you could understand it on one level, but it seems to me that there are these conflicting obligations of the Court, or placed upon the Court. In one sense, you're not supposed to substitute your judgment, but on the other hand, there are some rare cases where you have some kind of duty to substitute your judgment. And I'm thinking, what? What does this mean?

But, I guess that could be result-oriented, on kind of an ad hoc, case-by-case basis, where something appears to be so skewered, that then the appellate rule has to protect what—has to give the Judge the discretion to do what he or she did in granting a new trial.

. . . .

I want to be as forthcoming as I can, because I think the issue is significant enough. The legal issue apart from Ms. Gisvold's injury, which was somewhat unforeseen but rather severe given all these surgeries. I think it's important enough to appeal it. But I struggle with what to do as a Judge, and it seems like there are conflicting duties here.

I wasn't perplexed by the verdict, because I thought this was one of the things they could do. I was a little bit disappointed for her, because as I said, and it's a fact, if I had been trying the case, I would have awarded her some money under all the facts and circumstances. When I look at the two lines of cases, the one I can better understand is the defense line of cases, which says I can't substitute my judgment for that of the jury, and that is the nature of the jury trial.

I do think the things that you argue are very interesting, and some of them are strong, although, perhaps not compelling. But I would urge your consideration of a possible appeal. I don't think I can look then, and say well, the Windbreak and/or its insurance company can afford a second trial, whereas, she can't afford not getting some compensation for what is significant. Just the medical damages alone are six figures, with all the surgeries. So I was frustrated. Our juries, in this county in particular, are exceedingly conservative, and this has happened with some regularity. And it's just what we deal with.

For those reasons I'm going to deny the Motion for a New Trial, and I certainly understand that you might appeal to get some clarity on, or at least provide, what I think might be more clarity on the duty of the judge to look at a verdict like this. I think there was some basis upon which the jury could find no negligence. I thought it was a distinct possibility, although, less than a certain possibility all along. Not what I would have done. But for that reason I'm going to deny the Motion.

[¶ 16] The district court orally denied Gisvold's motion without issuing a "written memorandum concisely stating the different grounds on which the ruling [was] based" under N.D.R.Civ.P. 59(f). Although the court's decision in the hearing transcript technically complies with the requirement for a written memorandum, N.D.R.Civ.P. 59(f) also requires the court to concisely state the grounds on which the ruling is based. *See Regan Farmers Union Coop. v. Swenson*, 253 N.W.2d 327, 330 (N.D.1977) (stating transcript in judgment roll technically complied with "written memorandum" requirement of N.D.R.Civ.P. 59(f), but failed to concisely state grounds on which ruling based).

[¶ 17] The district court's statements, even when read as a whole, manifest uncertainty about the correct standard for analyzing a motion for a new trial under N.D.R.Civ.P. 59(b)(6). Some of the court's statements reflect the court's musings about whether there was any or some evidence to support the jury verdict and also suggest Gisvold may have failed in her burden of proof to establish negligence. *See Investors Real Estate Trust Props., Inc. v. Terra Pacific Midwest, Inc.*, 2004 ND 167, ¶ 7, 686 N.W.2d 140 (stating, in negligence action, plaintiff has burden to establish duty, breach of duty, causation, and damages). By itself, the district court's statement that it thought "there was some basis upon which the jury could find no negligence" suggests the court may have decided because there was some evidence supporting the verdict, the motion for new trial must be denied without considering whether the verdict was wrong because it was manifestly against the weight of the evidence. That analysis is an incorrect application of the law for a district court's consideration of a motion for new trial under N.D.R.Civ.P. 59(b)(6) and is an insufficient reason for denying Gisvold's motion. Moreover, some of the district court's other statements reflect uncertainty about the correct standard for a district court's consideration of a motion for a new trial under N.D.R.Civ.P.

59(b)(6), and the court's oral decision does not adequately and concisely explain the court's rationale for denying Gisvold's motion.

[¶ 18]   On this record, we are unable to ascertain whether the court applied the correct legal standard in denying Gisvold's motion for a new trial.  We reverse the district court's decision denying Gisvold's motion for a new trial and remand for reconsideration of the motion for a new trial under the correct legal standard.

### III

[¶ 19]   We reverse and remand for further proceedings.

[¶ 20] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, J., and BRUCE E. BOHLMAN, S.J., concur.

[¶ 21] The Honorable BRUCE E. BOHLMAN, S.J., sitting in place of KAPSNER, J., disqualified.

SANDSTROM, Justice, concurring and dissenting.

[¶ 22]   I agree with the standard for granting a new trial as set out by the majority.  Although I believe the district court applied the correct standard, I agree that it might not be totally clear.  However, because it appears that any alternative standard potentially applied by the district court is more favorable to the appellant than the correct standard, I would affirm.

[¶ 23]   Dale V. Sandstrom