[File No. 6327.]

EMMETT BAGAN, Respondent, v. FRITZ BITTERMAN, Jake Bitterman, and Philip Rivinius, Partners, Doing Business as Streeter Garage, Appellants.

(259 N. W. 266.)

Opinion filed February 20, 1935. Rehearing denied March 13, 1935.

*Knauf & Knauf,* for appellants.

*J. A. Coffey,* for respondent.

BURR, J. This is an action for damages alleged to have accrued on October 26, 1933, because of a collision between an automobile driven by the plaintiff and a truck owned by defendants. Judgment against all of the defendants was rendered in the sum of $73 and costs.

At the close of the plaintiff's case defendants moved for a directed verdict on the ground that the testimony failed to "show facts to substantiate the allegations of the complaint" and that the plaintiff was

guilty of contributory negligence. This motion was denied and was renewed at the close of the entire case.

Defendants made a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. This motion was denied.

When we come to a consideration of the case we find there are three main questions involved. Was it negligence to leave the truck on the highway at the time, and place and manner shown in the case? Was the plaintiff guilty of contributory negligence? Are the defendants, Jake Bitterman and Philip Rivinius, liable in any event?

It may be well to state the pertinent facts as they are also in the companion case of Bernice Bagan against the same defendants. The defendants are co-partners doing business as the Streeter Garage. The co-partnership is the owner of the truck, which was purchased for use in the partnership business. The tacit agreement between the partners was that no partner could use it for his private business without the permission of the other partners. On October 26, 1933, the defendant, Fritz Bitterman, without the knowledge or consent of his co-partners, took this truck for the purpose of transporting some of his hogs to West Fargo. He made the trip and on his return home about 11 p. m., at a point about two miles west of Cleveland and on a down grade, he had battery trouble. One Fred Schultz accompanied him. Their testimony is they spent some time trying to repair the truck. Finding this could not be done they walked back to Cleveland to get some new batteries and repairs. It is their testimony that they parked the truck at a point about 300 feet down the hill, put on the brakes, switched on what was left of the lights both front and rear, and walked back to Cleveland to get a battery and some repairs. They described the trouble they had in getting the garage man at that hour, and the upshot was that shortly after 2 o'clock when they returned to the place where they had left the truck, they found there had been a collision between the truck and the car driven by the plaintiff. They admit they did not set out a flare near the truck, nor leave any one in attendance, but set the brakes before they left. There is dispute as to the place on the road where the truck was left—some testimony on the part of the plaintiff tending to show the truck was left in the middle of the road, and at a point different from the one described by the defendants.

The plaintiff and his sister Bernice had been at Cleveland at a

dance. They left for home about 2 a. m. driving west. Plaintiff says his speed was twenty-five miles per hour; that his lights shone ahead a distance of 200 feet; that he was keeping a good lookout; that the place of the collision was on a down grade about 75 to 100 feet from the top of the hill; that he did not see the truck until he was within 10 or 15 feet of it; that it was in the middle of the road and that in his attempt to pass on the left side he struck the left rear side of the truck and the car was thrown into the ditch and damaged.

The record shows that the width of the gravelled portion of the road at the place of collision was about 25 feet, and of the entire road was about 30 feet, that the truck was left standing at a place where the grade was two or three feet high and there was a ridge of gravel on the north side.

There is conflicting testimony as to the place where the truck was left by defendant Fritz Bitterman. He had some person with him who could have remained to warn passersby. Whatever may have been the exact location of the truck it is a fact that a large number of persons attending the dance passed this truck on their way home westward. All passed safely except the plaintiff, and some testified the truck was standing on the extreme north side of the road, that there was ample room for passing, some testified as to their own high rate of speed in passing; some saw lights on the truck; some said it was left in the middle of the road, and its dangerous situation was apparent to and remarked by them.

Assuming the evidence shows Fritz Bitterman guilty of negligence, plaintiff cannot recover because of his own contributory negligence. He stated his lights were in good shape, and lighted the road for a distance of 200 feet. He was traveling at a rate not to exceed 25 miles per hour. He was keeping a lookout and yet he did not see the truck until he was upon it. Others testified they saw the truck for about 100 feet ahead. Either he was driving at an excessive rate of speed, or was not driving carefully, or his lights were poor or he was not keeping a lookout. There was no object to obscure his vision. He said his car was in good condition and his brakes were working. The physical facts are such that it is clear he was guilty of contributory negligence.

It was claimed there were curves and slopes on this road which pre-

vented his lights from showing an obstruction on the highway a distance of 200 feet ahead. Chapter 158 of the session laws of 1931 places restriction as to the speed at which a person may drive on the highway. Section 4, subdiv. b, in ¶ 4 specifies "twenty miles an hour" as prima facie lawful speed in traversing a grade upon a highway when the driver's view is obstructed within a distance of one hundred feet along the highway on which he is proceeding; and says that even such speed is not lawful if it would be unsafe.

In Billingsley v. McCormick Transfer Co. 58 N. D. 913, 919, 228 N. W. 424, we show that no one has a right "to wilfully and carelessly crash into even an unlighted machine and then say he is entitled to damages because the other party was negligent as a matter of law even though the violation of the statutory requirement may be negligence per se. Such negligence does not relieve the plaintiff from the consequence of contributory negligence." As stated in the case cited, "The physical facts are such that no conclusion can be reached but that of carelessness, heedlessness and negligence of the driver of plaintiff's car; that this was the real cause of the accident or so contributed to it that without it no collision could have occurred." Since the condition of his car was such as he testified, it is clear the accident would not have occurred if he had not been negligent himself.

More and more the "rule of safety"—the rule that one must drive at such a speed as to be able to stop within the assured clear distance ahead—is being recognized as the imperative duty of the driver. As said in the very recent case of Garrison v. Detroit, 270 Mich. 237, 258 N. W. 259, where defendant cited cases based on such rule:

"The cases dealt with large objects, such as other motor vehicles, easily seen, and on the open road. A driver must anticipate such objects, lighted or unlighted, carefully or negligently driven or parked, and guard against collision with them. He must see such obstruction as a careful person would have seen."

As a counterclaim the appellant Fritz Bitterman alleged that the accident was caused by the negligence of the plaintiff, without any negligence on his part; that the collision damaged the truck and thus caused him a loss of one hundred dollars. The court withdrew from the jury the counterclaim on the ground that "there are no damages proved on the defendant's counterclaim, that no damages have been

shown nor can be shown under the pleadings." There was no error in this. It is true the three defendants are sued as partners, doing business as the Streeter Garage. Jake Bitterman and Philip Rivinius answered together. Neither set forth a counterclaim. The partnership as a partnership did not answer, but Fritz Bitterman filed a separate answer, setting forth the counterclaim. The undisputed evidence shows that he was not the owner of the truck. The truck was owned by the co-partnership. It is true he attempted to show he paid the repair bill and the partnership charged this to him for expense. There is no proof of assignment of claim nor is it alleged there was any assignment from the partnership to him. The counterclaim does not allege that the truck belonged to Fritz Bitterman—in fact he admitted it belonged to the co-partnership. The court committed no error in failing to submit this issue to the jury.

In this case we need not concern ourselves with the question of the negligence of the partners—Jake Bitterman and Philip Rivinius. The judgment is reversed and the action dismissed.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.