**Lee DOLL, Plaintiff and Respondent,**

v.

**Fred J. TREIBER, Defendant and Appellant.**

**No. 7544.**

Supreme Court of North Dakota.

May 8, 1956.

Quentin N. Burdick, Fargo, for defendant and appellant.

Lord, Ulmer & Murphy, Mandan, for plaintiff and respondent.

JOHNSON, Judge.

This is an action for damages resulting from a collision between an automobile owned and driven by the plaintiff and a truck owned by the defendant, Treiber, and driven by Bernhardt (Bernard) Schwenk. The complaint alleges that the collision was caused by the negligence of the defendant's operator, Schwenk; that as a result of the collision the plaintiff sustained damages to his automobile in the sum of $1,409, and damages for loss of its use while it was being repaired in the sum of $250.

The defendant answered admitting the time and place of the accident, but denies that it was caused by his negligence and asserts that the negligence of the plaintiff was either "wholly or solely the cause" of the accident or that his negligence contributed proximately thereto barring recovery by him in this action.

The case was tried to a jury in Morton County, North Dakota. It rendered a verdict in favor of the plaintiff in the sum of $866 for the damage to his automobile and $72 for the loss of its use.

The defendant made a motion for a directed verdict at the close of the trial of the case. Three days after the rendition of the verdict he made a written motion for judgment notwithstanding the verdict for a dismissal of the action. Later on he made another motion, which it is stated was a "renewal of motion heretofore made" for judgment notwithstanding the verdict of the jury or in the alternative for a new trial. With this motion the defendant served assignments and specifications of errors of law and insufficiency of the evidence. He specified as errors of law the denial of the defendant's motion for a directed verdict at the close of the case; the trial court's rulings on the admission of opinion evidence, and errors in instructions as to the loss of the use of the plaintiff's automobile. This issue was, however, eliminated from the case as the plaintiff, pursuant to the memorandum decision of the trial court on the motion for judgment notwithstanding

the verdict or in the alternative for a new trial, accepted a reduction in the judgment entered on December 20, 1955, in the sum of $72, the item awarded by the jury for the loss of the plaintiff's use of his automobile after the accident.

■ The defendant also set forth in his assignments and specifications that the evidence is insufficient to justify the verdict of the jury in that the plaintiff failed to show that the defendant was guilty of negligence in the operation of his vehicle at the time of the accident, which was the proximate cause thereof; that the defendant exercised due care required of an ordinary prudent person; that the mechanical failure, if any, provided no basis for negligence; that the undisputed testimony of the plaintiff shows that he was guilty of contributory negligence, in that he ran into the rear of the defendant's vehicle, which was then and there on the right side of the highway; that the defendant's loaded truck was such an object that it could have been, and should have been, seen by the plaintiff in the exercise of due care; that in any event the lights and reflectors upon the truck were sufficient to warn of the presence of the truck upon the highway in ample time to avoid striking it; and that the plaintiff was driving at excessive speed.

The trial court denied the motion for judgment notwithstanding the verdict or for a new trial and an order denying the motion was signed by the court on the 8th day of June, 1955 and served on the defendant's attorney.

The defendant appeals to this court from the judgment and from the order denying the motion for judgment notwithstanding the verdict or in the alternative for a new trial. He assigns as error the denial of the defendant's motion for judgment notwithstanding the verdict or in the alternative for a new trial, and also sets forth the same grounds that were specified as errors in connection with the motion for judgment notwithstanding the verdict or a new trial.

The collision between the plaintiff's automobile and the defendant's truck occurred on Highway Number Ten about two miles east of Hebron, North Dakota, on December 10, 1953, at about 5:30 p. m. At the time of the collision there were riding in the plaintiff's car in addition to himself, his wife in the front seat with a two month old baby on her lap, and in the back seat, Mr. and Mrs. Mosbrucker and three of the plaintiff's children.

The defendant's hired man, Schwenk, was hauling hay in a 1949 International one-ton, single axle truck. It was loaded with hay. The truck was equipped with a stock rack, which extended over the wheels. The truck was equipped with headlights, four clearance lights, two in front of the box and two at the rear, one on either side. It was also equipped with red "flare-up" reflectors, about three to three and one-half inches in diameter, which defendant asserts were located on each corner of the rear end of the truck. However, the patrolman who investigated the accident noted in his report thereof, which was admitted in evidence, that the two reflectors were located on the left rear corner of the box rack on the truck. They were clean and unbroken. The truck had no taillight. It had been smashed and not replaced.

Between four and five o'clock in the afternoon of the day of the accident, while Schwenk was hauling hay from northwest of Hebron, the lights on the truck "shorted". The headlights on the truck would go off and on. The clearance lights were completely off. Schwenk stopped at the International garage at Hebron to have the lights repaired. The short was located by a mechanic, named Frey, and taped. The lights were tested and found to be working, except the taillight. Frey testified that he watched the truck to the outskirts of Hebron, and that as it left the city, "the lights were good all the way, as far as I saw him." Mr. Schwenk testified that he drove at about forty miles per hour to the approach to the Treiber farm. It was located south of Highway Number Ten, a

short distance. As Schwenk came close to the approach he slowed the truck to about 10 miles per hour. Just as he was about to turn into the approach, he was struck from the rear by the plaintiff, who was driving a 1953 Chevrolet.

The plaintiff testified that his car was in good mechanical condition; that the lights were good, the brakes were good, in fact the car was in sound condition. He had purchased the car in September of 1953. It was practically new. As the plaintiff's car struck the defendant's truck, it tipped over on its right side and stayed in the same lane in which the truck was traveling. After being struck the truck drove into the approach towards the Treiber farm.

The evidence shows that at the time of the accident it was dark and it was necessary to use lights. The plaintiff testified that he was driving between 45 and 50 miles per hour. Shortly before the collision a car came from the east and the plaintiff testified that he dimmed his lights, but that he did not remember whether the car coming from the east and proceeding west dimmed its lights. Mr. Schwenk testified that the car coming from the east did dim its lights. After the car proceeding west had met and passed the plaintiff he saw the truck ahead of him, about 170 to 180 feet away. The testimony does not show the width of Highway Number Ten at the point of collision between the plaintiff's car and the defendant's truck. The evidence does show, however, that the highway was divided into two lanes and that each lane was wide enough to accommodate going and coming traffic. As soon as the plaintiff noticed the truck, he applied his brakes. The patrolman measured the skid marks made by the plaintiff's car and found them to be 147 feet to the point of impact. The plaintiff testified that at the point of collision he was still traveling from 25 to 30 miles per hour. The plaintiff asserted that the truck was without lights, or at least he did not see any lights thereon, if it had lights; that one of the left dual wheels and the box were over the yellow line. Both the defendant, Treiber, and the witness, Frey, testified that the truck had only single wheels in the rear. On cross-examination the plaintiff was asked:

"Q. And your testimony is now that his dual and part of the box was over the yellow line? A. Yes.

"Q. Other than that the rest of the truck was in the right hand lane too? A. Yes."

The jury's verdict has determined that the defendant was negligent. There is enough conflict in the evidence to warrant a finding by the jury that the lights on the defendant's truck may not have been working at the time of the collision. There is also a conflict in the evidence as to whether the "flare-up" reflectors were on both sides of the rear of the truck. There is also to be considered that the box and the left rear wheel of the truck were either on or slightly over the yellow line.

In reviewing the sufficiency of the evidence to sustain the verdict we must consider it in the light most favorable to the successful party. Taylor v. Minneapolis, St. P. & S. S. M. Ry. Co., 63 N.D. 332, 248 N.W. 268; Bakke v. Nelson, 68 N.D. 66, 276 N.W. 914; Ekren v. Minneapolis, St. P. & S. S. M. R. Co., N.D., 61 N.W.2d 193.

The issue of the defendant's negligence has been established by the jury's verdict and the evidence is such that reasonable men might draw different conclusions therefrom. Clark v. Josephson, N.D., 66 N.W.2d 539.

But the question still remains whether the plaintiff was guilty of contributory negligence as a matter of law which will bar his recovery for damages sustained in the collision caused by the negligence of the defendant. Contributory negligence bars recovery for injuries sustained.

"Contributory negligence is a complete bar to recovery for damages sustained in a collision shown to have been caused by the negligence of another." Syllabus 1, Bagan v. Bitterman, 65 N.D. 423, 259 N.W. 266;

Bagg v. Otter Tail Power Co., 70 N.D. 704, 297 N.W. 774; 65 C.J.S., Negligence, § 130, Effect of Contributory Negligence, p. 746.

■■ It is argued that the plaintiff was negligent as a matter of law, or at least his negligence contributed to and was a concurring and cooperating cause of the collision, and therefore, as a matter of law, he cannot recover. It is contended that the plaintiff did not have proper control of his car; that he was either driving too fast or was inattentive, and therefore, was unable to stop within the clear distance ahead. Bagan v. Bitterman, 65 N.D. 423, 259 N.W. 266; Billingsley v. McCormick Transfer Co., 58 N.D. 913, 228 N.W. 424; Schaller v. Bjornstad, 77 N.D. 51, 40 N.W.2d 59.

In the case at bar the evidence shows that the defendant's truck was in its proper lane, proceeding eastward, except for a possible extension of the left rear wheel onto, or very slightly over, the yellow line. The road was straight. It was level. The plaintiff's lights were in good order. They were lighted and presumably gave sufficient light to render clearly discernible any person or object on the highway at a distance of 200 feet ahead, Section 39-1101 NDRC 1943. It was the duty of the plaintiff to drive his car at such speed as to enable him to stop within the clear assured distance ahead. The oncoming car from the east had passed the plaintiff. The north lane of the highway was clear except for the slight extension of the truck onto or over the yellow line. There was ample room for the plaintiff to pass the truck on the north or to the left thereof. The condition of the highway and the traffic were such as to enable the plaintiff to do that. There was no danger of getting entangled with other vehicles that were either going or coming. The highway was hard surfaced and divided into two lanes by a yellow line. Although the evening was cloudy it was not storming. There were no circumstances that gave rise to a sudden emergency such as dust on the road, or passing vehicles, except the one that had already gone by. The plaintiff's testimony and that of his witnesses established that he was aware of the truck when it was 170 to 180 feet away. The patrolman called by the plaintiff testified to skid marks 147 feet in length. He also was allowed to testify without objection that the reaction time at 50 miles per hour was about 60 feet or more. He was asked:

"Q. And what is the recognized reaction time, at fifty (50) miles an hour, in distance of feet? A. I don't know. I don't recall what it is.

"Q. Would it be sixty (60) feet or more? A. Yes, I think it would."

The patrolman had previously testified that the 147-foot skid marks indicated that the plaintiff was traveling at the rate of 47 miles per hour. That, however, did not take into account the fact that the plaintiff had testified that when he hit the defendant's truck he was still traveling between 25 and 30 miles per hour. The patrolman was unable to give his opinion as to how fast the plaintiff was traveling, taking that fact into consideration. The plaintiff's own testimony was that he was driving between 45 and 50 miles per hour when he became aware of the defendant's truck. Under the testimony of the patrolman, taking into consideration the 147-foot skid marks and the reaction time, the truck was 207 feet ahead of the plaintiff when he noticed it. But even if we take the plaintiff's own version of the distance, he was 170 to 180 feet away from the truck when he first saw it. At the speed of 45 to 50 miles per hour he should have had ample time to turn to the left to pass the truck. Yet the facts show that he did not attempt to pass it in the north lane on the highway, nor was he able to stop without crashing into its rear. When he hit the truck his speed was between 25 and 30 miles per hour. He was asked what he did when he saw the truck.

"A. Immediately applied the brakes.

"Q. And in what condition were the brakes on your car? A. Good.

"Q. Did they take ahold when you applied them? A. Yes.

"Q. What happened then? A. We couldn't stop and hit the truck."

The plaintiff was further asked this question:

"Q And where on your car did your car and the truck come together? A. In the front end."

There is no testimony to show that when the plaintiff was meeting the oncoming car he attempted to slacken his speed. There was no reason, in the exercise of due care, why the plaintiff should not have seen the truck and brought his car under control to avoid the collision or enable him to pass the truck.

In the case of Billingsley v. McCormick Transfer Co., 58 N.D. 913, 228 N.W. 424, 427, this court said:

"Stormy night, dusty roads, passing vehicles, distracting circumstances, sudden emergencies, are all nonexistent. His lights were good; the car could be controlled; the road was wide and in excellent condition. The physical facts are such that no conclusion can be reached but that of carelessness, heedlessness, and negligence of the driver of plaintiff's car; that this was the real cause of the accident, or so contributed to it that without it no collision could have occurred. See DeHaan v. Wolff [178 Minn. 426] 227 N.W. 350."

We believe that that statement is applicable to the facts in this case. There is also to be considered that the truck was a large object loaded with hay. In the exercise of due care, and keeping a proper lookout, it could have been seen.

"In the Billingsley case this court lays down two rules which have been followed since and which are supported by all of the authorities. First, that 'Contributory negligence is a complete bar to recovery for damages sustained in a collision alleged to have been caused by the negligence of another' and second, that 'When negligence is involved and the facts and circumstances are such that but one inference can be drawn fairly and reasonably therefrom, negligence becomes a matter of law.' " Lostegaard v. Bauer, 78 N.D. 711, 51 N.W.2d 761, 764.

We believe that statement is also applicable to the facts and circumstances involved in this case. There is no dispute in the facts because we have eliminated the testimony of the defendant and his witnesses and taken the statements of the plaintiff and his witnesses at their full face value. It is apparent upon review of the facts and circumstances involved in this case that the collision would not have happened had it not been for the negligence of the plaintiff, whether that be designated as prime negligence or whether it be merely contributory negligence.

The facts in this case fall within the rule as announced in Bagan v. Bitterman, 65 N.D. 423, 259 N.W. 266; Billingsley v. McCormick Transfer Co., 58 N.D. 913, 228 N.W. 424; Schaller v. Bjornstad, 77 N.D. 51, 40 N.W.2d 59.

The distracting circumstances present in Lostegaard v. Bauer, supra, are not present in this case. The motion for judgment notwithstanding the verdict should have been granted. The judgment is reversed and the case dismissed.

BURKE, C. J., and SATHRE, MORRIS and GRIMSON, JJ., concur.