Larson v. Kubisiak, 1997 ND 22, 558 N.W.2d 852|N.D. Supreme Court|
Larson v. Kubisiak, 1997 ND 22, 558 N.W.2d 852
[Go to Documents]
Filed Feb. 12, 1997
IN THE SUPREME COURT
STATE OF NORTH DAKOTA
1997 ND 22
Becky Lee Larson, Plaintiff and Appellant
v.
Kevin Kubisiak, Defendant and Appellee
Civil No. 960112
Appeal from the District Court for Burleigh County, South Central Judicial District, the Honorable Dennis A. Schneider, Judge.
AFFIRMED.
Opinion of the Court by Sandstrom, Justice. Ralph A. Vinje, of Vinje Law Firm, 523 North 4th Street, Bismarck, N.D. 58501, for plaintiff and appellant. Brent J. Edison, of Zuger Kirmis & Smith, P.O. Box 1695, Bismarck, N.D. 58502-1695, for defendant and appellee.
Larson v. Kubisiak
Civil No. 960112
Sandstrom, Justice.
[¶1] Becky Lee Larson appealed from a judgment entered on a jury verdict dismissing her personal injury action against Kevin Kubisiak, and from an order denying her motion for new trial. We conclude the only issue properly preserved for review is whether the trial court erred in failing to grant a new trial for insufficiency of the evidence to support the jury verdict finding Kubisiak was not negligent. Because there is sufficient evidence to support the verdict, we affirm the judgment and order denying the motion for new trial.
I
[¶2] On August 24, 1992, Larson was traveling in the right westbound lane on the Expressway Bridge between Bismarck and Mandan. She had slowed down and stopped her car for a car which had stopped for another car which, in turn, had stopped to allow a dog to cross the roadway. Kubisiak was also traveling westbound, but was in the left lane behind another vehicle. Unaware that a dog was crossing the roadway and other cars were beginning to slow down and stop, Kubisiak decided to change to the right lane, saw Larson's brake lights, and stepped on his brakes. Kubisiak's vehicle struck the back of Larson's vehicle, which struck the back of the vehicle in front of her car. The investigating sheriff's deputy estimated there was $200 damage to Kubisiak's vehicle, $800 to Larson's vehicle, and no damage to the third vehicle. Larson refused medical assistance at the scene of the accident.
[¶3] Larson sued Kubisiak seeking not less than $50,000 for her "pain, suffering, loss of enjoyment of life and disability." The jury returned a verdict finding Kubisiak was not negligent. The trial court denied Larson's motion for new trial.
[¶4] The trial court had jurisdiction under N.D.C.C. § 27-05-06. Larson's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const Art. VI, § 6, and N.D.C.C. § 28-27-01.
II
[¶5] Although Larson raises three issues on appeal, the only issue she raised in her N.D.R.Civ.P. 59 motion for new trial was insufficiency of the evidence to justify the verdict. This Court has held when a motion for new trial is made in the lower court, the moving party is limited on appeal to a review of the grounds presented to the trial court, even if the appeal is also from the judgment itself. See Schuhmacher v. North Dakota Hosp. Ass'n, 528 N.W.2d 374, 377 (N.D. 1995); Fisher v. Johnson, 508 N.W.2d 352, 354 (N.D. 1993); Andrews v. O'Hearn, 387 N.W.2d 716, 728 (N.D. 1986). We therefore limit our review to whether the trial court erred in failing to grant a new trial for insufficiency of the evidence to justify the verdict.
III
[¶6] In Schutt v. Schumacher, 548 N.W.2d 381, 384 (N.D. 1996) (quoting Marohl v. Osmundson, 462 N.W.2d 145, 146-147 (N.D. 1990)), we summarized the standard for reviewing a trial court's decision on a motion for new trial:
"'The decision to deny a new trial rests in the sound discretion of the trial court. . . . To set aside a jury verdict and grant a new trial, the trial court must find the verdict to be manifestly against the weight of the evidence. . . . On appeal, we review the evidence in the light most favorable to the verdict and the trial court's refusal to grant a new trial based upon the insufficiency of the evidence will not be disturbed unless a manifest abuse of discretion is shown. . . .' (Citations omitted.)"
As we noted in Schuttat 382, we exercise a limited review of jury findings and set aside a special verdict only when it is perverse and clearly contrary to the evidence.
[¶7] Negligence and proximate cause are fact questions unless the evidence is such that reasonable minds can draw but one conclusion. See Leno v. Ehli, 339 N.W.2d 92, 96 (N.D. 1983). The mere fact an injury has occurred is not evidence of negligence on the part of anyone; rather, negligence must be affirmatively established. See Northwestern Equipment, Inc. v. Cudmore, 312 N.W.2d 347, 352 (N.D. 1981).
[¶8] Larson asserts Kubisiak violated N.D.C.C. §§ 39-09-01 and 39-09-01.1, relating to a driver's duty to drive at a safe speed and in a careful and prudent manner, and N.D.C.C. § 39-10-18(1), pertaining to a driver's duty to not follow another vehicle more closely than is reasonable and prudent. She contends these statutory violations constitute negligence per se and were the proximate cause of the accident. But Larson presented no evidence Kubisiak was cited for violating any statutory rules of the road or was traveling at an excessive speed. Even assuming Kubisiak committed those violations, Larson's argument is inconsistent "with our well-established case law that the violation of a statutory duty is evidence of negligence and not negligence per se." Ebach v. Ralston, 510 N.W.2d 604, 611 (N.D. 1994). See also, e.g., Horstmeyer v. Golden Eagle Fireworks, 534 N.W.2d 835, 838 (N.D. 1995); Gronneberg v. Hoffart, 466 N.W.2d 809, 812 (N.D. 1991); Glawe v. Rulon, 284 F.2d 495, 497 (8th Cir. 1960) (applying North Dakota law).
[¶9] Larson also relies on several older decisions of this Court which, she asserts, establish it is negligence per se whenever the driver of a vehicle strikes the vehicle traveling in front because a driver has a duty to maintain a safe distance from vehicles in front of him. From our review, however, those cases appear to have been decided under undisputed facts from which no reasonable person could disagree. See Billingsley v. McCormick Transfer Co., 58 N.D. 913, 228 N.W. 424, 427 (1929) (undisputed "physical facts are such that no conclusion can be reached but that of carelessness, . . ."); Bagan v. Bitterman, 65 N.D. 423, 259 N.W. 266, 267 (1935) (undisputed "physical facts are such that it is clear he was guilty of contributory negligence"); Schaller v. Bjornstad, 77 N.D. 51, 40 N.W.2d 59, 67-68 (1949) (defendant's undisputed testimony showed he failed to exercise due care); Doll v. Treiber, 76 N.W.2d 910, 915 (N.D. 1956) (undisputed facts showed "[t]here was no reason, in the exercise of due care, why the plaintiff should not have seen the truck and brought his car under control to avoid the collision . . . ."); Cose v. Towner County, 102 N.W.2d 538, 541 (N.D. 1959) ("undisputed evidence establishes that decedent had sufficient time and distance within which to avoid the accident . . . ."). To the extent these cases can be interpreted as formulating the rule of negligence per se asserted by Larson, they have been implicitly overruled by our line of cases holding statutory violations are only evidence of negligence, and by more recent decisions of this Court holding questions of negligence in these situations are properly for the jury to resolve. See, e.g., Thomas v. Stickland, 500 N.W.2d 598, 602 (N.D. 1993); Waletzko v. Herdegen, 226 N.W.2d 648, 652 (N.D. 1975); see also 12 P. Kelly, Blashfield Automobile Law and Practice §439.4 (Rev. 3d ed. 1977), and cases collected therein.
[¶10] Here, Kubisiak testified there was "a lot of traffic" and he was traveling with the flow of traffic at 45 m.p.h. in a 55 m.p.h. zone as he approached the Expressway Bridge. He did not see the dog on the bridge, was not aware of any problems ahead, did not see cars that were slowed down or stopped in front of Larson's vehicle, and was satisfied he had enough room to change lanes when he began to do so. Kubisiak testified, as he turned into the other lane, he saw Larson's brake lights and applied his brakes as soon as he could, within one or two seconds.
[¶11] The person driving the vehicle ahead of Larson's testified although she had enough time to stop in front of the first vehicle, Larson "got kind of close to the back of my car but she did stop in time." Although Larson essentially asserts Kubisiak had to be negligent because all of the other vehicles were able to stop in time, Larson presented no accident-reconstructionist testimony or physical evidence, photographs, diagrams, or measurements of the accident scene. The movement of vehicles, point of impact, and distance between the vehicles prior to impact were not established. The jury could reasonably have found from the evidence a chain reaction accident, caused by a stray dog, in which stopping distances kept decreasing with each vehicle involved to the point where Kubisiak was simply unable to stop in time.
[¶12] We conclude there was sufficient evidence to support the jury's verdict finding Kubisiak was not negligent. Consequently, we further conclude the trial court did not abuse its discretion in denying Larson's motion for a new trial.
IV
[¶13] The judgment and order denying Larson's motion for a new trial are affirmed.
[¶14]
Dale V. Sandstrom
William A. Neumann
Mary Muehlen Maring
Herbert L. Meschke
Gerald W. VandeWalle, C.J.