2002 ND 117

**Eldora Hagen BRANDT, Plaintiff and Appellant,**

v.

**Aldon James MILBRATH, Defendant and Appellee.**

No. 20010294.

Supreme Court of North Dakota.

July 15, 2002.

As modified Sept. 9, 2002.

David S. Maring (argued), Maring Williams Law Office, Bismarck, and Mat-

thew A. Biegert (on brief), Doar, Drill & Skow, S.C., New Richmond, WI, for plaintiff and appellant.

Collin P. Dobrovolny, McGee, Hankla, Backes & Dobrovolny, Wells Fargo Bank Center, Minot, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Eldora Brandt appeals from a Northeast Judicial District Court's judgment and order denying her motion for a new trial on the grounds that the district court abused its discretion in excluding the testimony of one of Brandt's witnesses and that the jury's verdict was not supported by sufficient evidence. We affirm, concluding the district court did not abuse its discretion in refusing to allow one of Brandt's witnesses to testify and there was sufficient evidence to support the jury's verdict.

I

[¶ 2] Eldora Brandt and Aldon Milbrath were in a traffic accident. Brandt was driving a pickup at the time of the accident, and Milbrath was driving a tractor pulling a cultivator. The parties' vehicles collided when they met each other on a highway after dark. Brandt sued Milbrath, alleging his negligence caused the accident. Brandt presented a variety of reasons why Milbrath was negligent, including: (1) his cultivator lacked the statutorily required reflectors, (2) the cultivator was over the center line at the time of the collision, and (3) the lights on Milbrath's tractor were so bright they blinded oncoming traffic.

[¶ 3] Of the three alleged negligent acts, one was uncontested. Milbrath admitted his cultivator did not have the statutorily required amber reflectors.

[¶ 4] Testimony differed regarding the lights on Milbrath's tractor. Brandt and the law enforcement officers at the scene all testified the light from Milbrath's trac-tor was "bright." One officer used the word "blinding" to describe the tractor's lights in his written report. On cross-examination, Brandt admitted she knew the lights she saw might be from a tractor. Milbrath testified he was using the tractor's "road lights" at the time of the collision. One of Milbrath's expert witnesses testified the lights on the tractor appeared to be the factory-installed lights.

[¶ 5] A substantial portion of the testimony focused on whether either Brandt's or Milbrath's vehicle was over the center line at the time of the collision. Because law enforcement officers asked Milbrath to move his tractor and cultivator before any photographs or measurements were taken at the scene of the accident, the location of the vehicles at the time of the collision had to be reconstructed from measurements of tire tracks. All the measurements were taken by a law enforcement officer. At trial, Brandt and Milbrath presented contrary evidence as to what two of the measurements represented.

[¶ 6] One measurement indicated a tire track 10 inches into the gravel on the side of the paved road where Milbrath was driving. Brandt argued this track was left by the inside tire of the left-hand side of the cultivator, and the law enforcement officer who took the measurements, Deputy Simon, identified this track as being made by the "inside cultivator tire." Milbrath argued this track was left by the pickup driven by his wife, and his expert witness identified this tire track as the type left by a pickup tire. If the jury credited Brandt's explanation and found the tire track was from the inside tire of the left-hand side of the cultivator, the outermost part of the cultivator would have been over the center line and in Brandt's lane.

[¶ 7] The second measurement in dispute was a mark 5 feet 10 inches into the ditch on the side of the road where Milbrath was driving. Milbrath argues this mark was the tire track of the outside tire on the right-hand side of the cultivator, and Deputy Simon testified this mark was from the outside tire of the right-hand side of the cultivator. Brandt argues this mark was not a tire track, and her expert witness testified this mark was bent grass or a shadow in a photo taken later. If the jury credited Milbrath's explanation and found the mark in the ditch was from the right-hand side of the cultivator, the cultivator would not have been over the center line.

[¶ 8] In addition to the conflicting measurements regarding the location of the cultivator, several witnesses testified as to its location. Milbrath, his wife, his two accident-reconstruction witnesses, and two law enforcement officers testified the cultivator was not over the center line. Brandt and her expert witness testified the cultivator was over the center line.

[¶ 9] Brandt also sought to enter the testimony of another witness. Milbrath objected, and the witness's testimony was taken outside the presence of the jury. The witness testified that on the night of the accident she met a tractor and cultivator on the same road where the accident occurred and she had to swerve to avoid hitting the tractor and cultivator because the cultivator was in her lane of traffic. She was unable to identify the type or color of the tractor and cultivator, and she was not able to identify the driver. She also did not remember seeing an escort pickup leading or following the tractor and cultivator she met. The district court did not allow her to testify before the jury because the court was not satisfied the tractor and cultivator she met that night were Milbrath's.

[¶ 10] The jury returned a verdict in favor of Milbrath, finding he was not negligent. Brandt moved for a new trial, arguing the district court erred in excluding the testimony of her witness and the jury did not have sufficient evidence to support its verdict. The district court denied Brandt's motion for a new trial and stated:

1. Testimony of [Brandt's witness]:

The lack of detail in [her] testimony makes it speculative that she in fact passed the Milbraths on Gardena Road. Furthermore, her testimony only would have addressed the issue of whether the tractor was moving at the time of the collision. The plaintiff's expert testified as to the cultivator's location relative to the center line of the road at the time of the collision. There was no testimony from any other source supporting the premise that the tractor was moving at the time of the collision.

2. Evidence supporting the verdict:

There was sufficient evidence supporting the verdict. The defendant's expert concluded that the cultivator did not cross the center line of the road. A violation of a statutory duty is evidence of negligence and not negligence per se under North Dakota law. Considering the evidence in favor of the defendant this court cannot say that the jury errored [sic] in finding no negligence on the part of the defendant.

Brandt appealed the district court's denial of her motion for a new trial.

[¶ 11] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 12] Brandt argues the district court erred by not allowing the testimony of her witness into evidence.

[¶ 13] "Relevant evidence means evidence that reasonably and actually tends to prove or disprove any fact that is of consequence to the determination of an action." *Wolf v. Estate of Seright,* 1997 ND 240, ¶ 14, 573 N.W.2d 161. "Relevant evidence is generally admissible." *Williston Farm Equip., Inc. v. Steiger Tractor, Inc.,* 504 N.W.2d 545, 548 (N.D. 1993). "Relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Id.* at 549 (quoting N.D.R.Ev. 403). "A trial court has wide discretion in deciding whether proffered evidence is relevant, and we will not reverse a court's decision to admit or exclude evidence on the ground of relevance unless the court abuses its discretion." *Wolf,* at ¶ 14. "A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner." *Id.* This deferential standard is applied "to provide trial courts with greater control in the admissibility of evidence." *Schaefer v. Souris River Telecomms. Coop.,* 2000 ND 187, ¶ 10, 618 N.W.2d 175.

[¶ 14] Brandt relies, in part, on *Wolf v. Estate of Seright* to support her proposition that her witness's testimony should have been admitted. *See* 1997 ND 240, 573 N.W.2d 161. In *Wolf,* a witness's observations of Wolf's driving shortly before a traffic accident were admitted. *Id.* at ¶ 13. Wolf and Seright were in a traffic accident in which Wolf hit the rear end of Seright's car. *Id.* at ¶ 2. Seright died as a result of the accident, and Wolf was seriously injured. *Id.* Wolf sued Seright's estate, claiming her negligence caused the accident. *Id.* At the trial, a witness was allowed to testify that he observed a "Coca–Cola pickup make a 'sudden swerve or a correction' about five miles before the accident." *Id.* at ¶ 13. Wolf was driving a Coca–Cola pickup. *Id.* at ¶ 2. The jury found in favor of Seright. *Id.* at ¶ 1. On appeal, Wolf argued the testimony was not relevant. *Id.* at ¶ 13. We concluded:

> Wolf's driving behavior before the accident was probative of the negligence and comparative negligence issues in this action. Moreover, Wolf opened the door for this evidence when counsel asked a previous witness about Wolf's driving behavior three miles before the accident. Under these circumstances, we conclude the trial court did not act arbitrarily, unreasonably, or unconscionably in admitting the [witness's] testimony that a Coca–Cola pickup made a "sudden swerve or a correction" about five miles before the accident.

*Id.* at ¶ 15.

[¶ 15] *Wolf* is distinguishable from the current case. In *Wolf,* not only were we affirming the district court's exercise of discretion, neither party questioned whether the Coca–Cola pickup involved in the accident was the same Coca–Cola pickup the witness observed. Here, the identity of the tractor and cultivator was questioned.

[¶ 16] Brandt also cites to case law from other jurisdictions and secondary sources to support her theory that her witness should have been allowed to testify. *See, e.g., Hill v. Rolleri,* 615 F.2d 886 (9th Cir.1980); *Spencer v. Wandolowski,* 264 Ill.App.3d 611, 201 Ill.Dec. 422, 636 N.E.2d 854 (1994); *Huston v. Chicago Transit Authority,* 35 Ill.App.3d 428, 342 N.E.2d 190 (1976); *Briggs v. Burk,* 174 Kan. 440, 257 P.2d 164 (1953); *Atkinson v. Mock,* 271 Minn. 393, 135 N.W.2d 892 (1965); *Boyd v. Midland Co-ops., Inc.,* 364 P.2d 670 (1961); 8 Am.Jur.2d *Automobiles and Highway Traffic* § 1270 (1997); M.L. Cross, Annotation, *Admissibility, in ac-*

*tion involving motor vehicle accident, of evidence as to manner in which participant was driving before reaching scene of accident*, 46 A.L.R.2d 9, § 1 (1956). These cases are distinguishable because the identity of the vehicles was not in question. *See Hill v. Rolleri*, 615 F.2d 886, 891 (9th Cir.1980); *Spencer v. Wandolowski*, 264 Ill.App.3d 611, 201 Ill.Dec. 422, 636 N.E.2d 854, 859–60 (1994); *Huston v. Chicago Transit Authority*, 35 Ill.App.3d 428, 342 N.E.2d 190, 195 (1976); *Briggs v. Burk*, 174 Kan. 440, 257 P.2d 164, 167 (1953); *Atkinson v. Mock*, 271 Minn. 393, 135 N.W.2d 892, 894 (1965); *Boyd v. Midland Co-ops., Inc.*, 364 P.2d 670, 671–72 (Okla. 1961) (description of the type and color of the vehicle, its occupants, the direction it was traveling, the date and time the vehicle was met, and testimony that "no other automobile of this description was encountered" was sufficient identification to allow the witness to testify about the driver's behavior).

■ [¶ 17] Even though prior driving behavior may be "probative of the negligence and comparative negligence issues," it may still be excluded because of uncertainty as to identity. *See Wolf*, 1997 ND 240, ¶ 15, 573 N.W.2d 161.

Testimony as to the manner in which a motor vehicle was being driven at a remote point may be objectionable not only because of remoteness but also because of an uncertainty (1) as to whether the vehicle observed was the one which was later involved in a collision.... In other words, there is often a serious doubt as to the identification of the vehicle and as to the identification of its driver. As a general rule the identification need not be positive; it may be circumstantial; but the evidence must be of such a nature as to remove it from the realm of mere speculation.

. . . .

Nevertheless the indefiniteness of the identification of the vehicle or its driver, coupled with the remoteness of the incident itself, may justify the court in excluding the testimony as a matter of discretion; and in extreme cases a proper exercise of discretion requires the exclusion of the evidence.

46 A.L.R.2d 9, *supra* § 1.

[¶ 18] Here, the district court granted Milbrath's request to have Brandt's witness testify out of the presence of the jury. She testified that she met a tractor and cultivator within forty minutes of the collision, and that she had to swerve to avoid being hit by the cultivator. On cross-examination, she was not able to identify the type or color of tractor and cultivator, and she was not able to identify or describe the driver. She was also unable to remember seeing an escort pickup leading or following the tractor and cultivator or meeting any other tractors pulling cultivators that evening. The district court excluded her testimony, stating:

> I'll make my ruling. I'm not—with any certainty that this is the same vehicle.... [H]eck, we had a pickup that was either in front of the plow or—in front of the tractor or behind the tractor with its flashers going on....
>
> I'm not satisfied that there's sufficient evidence in to support the proposition that this in fact was the same tractor and plow, so I'm not going to let it in. That's my ruling.

The district court again explained its ruling when denying Brandt's motion for a new trial.

> The lack of detail in [her] testimony makes it speculative that she in fact passed the Milbraths on Gardena Road. Furthermore, her testimony only would have addressed the issue of whether the tractor was moving at the time of the

collision. The plaintiff's expert testified as to the cultivator's location relative to the center line of the road at the time of the collision. There was no testimony from any other source supporting the premise that the tractor was moving at the time of the collision.

[¶ 19] Before the testimony of Brandt's witness could be considered relevant, there needed to be some indication her encounter was with Milbrath. *See* 46 A.L.R.2d 9, *supra* § 1 ("As a general rule the identification need not be positive; it may be circumstantial; but the evidence must be of such a nature as to remove it from the realm of. mere speculation."). Although she testified she met a tractor and cultivator within ·forty minutes of the collision and had to swerve to avoid being hit by the cultivator, she was unable to provide any identifying characteristics of the tractor, cultivator, or driver. The district court noted the collision happened in a rural farming area during. the spring planting season, and because she was unable to identify the vehicle she met as Milbrath's, the district court did not allow her to testify.

[¶ 20] District courts are given "wide discretion in deciding whether proffered evidence is relevant," and unless there is an abuse of discretion, we will not reverse a district court's decision to exclude evidence on the ground of relevance. *See Wolf,* 1997 ND 240, ¶ 14, 573 N.W.2d 161. The district court did not abuse its discretion by refusing to allow Brandt's witness to testify.

### III

[¶ 21] Brandt also argues the district court abused its discretion by denying her motion for a new trial, because the jury's verdict was not supported by sufficient evidence.

[¶ 22] In their brief to the district court, both parties stated the granting of a new trial is within the sound discretion of the district court. But Brandt also stated, "The standard for reviewing an order denying a motion for new trial is, after viewing the evidence in the light most favorable to the verdict, whether there is sufficient evidence to justify the verdict." The standard recited by Brandt is the standard of review this Court uses on appeal, not the standard a district court should apply when considering a motion for a new trial.

[¶ 23] The standard a district court applies when faced with a motion for a new trial, under N.D.R.Civ.P. 59, and the standard this Court applies when reviewing the district court's decision are distinct. *See Perry v. Reinke,* 1997 ND 213, ¶ 21, 570 N.W.2d 224.

### A

[¶ 24] A new trial is permitted under N.D.R.Civ.P. 59(b) "when a jury verdict is unsupported by sufficient evidence or contrary to law." *Braunberger v. Interstate Eng'g, Inc.,* 2000 ND 45, ¶ 7, 607 N.W.2d 904. "A motion under Rule 59(b)(6) is addressed to the sound discretion of the trial court." *Id.* "A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner." *Id.* "An abuse of discretion is never assumed; the burden is on the party seeking relief to affirmatively establish it." *Id.*

[¶ 25] When considering a motion for a new trial, under N.D.R.Civ.P. 59, the "district court may, 'within limits, weigh the evidence and judge the credibili-

ty of witnesses.'" *Perry,* 1997 ND 213, ¶ 21, 570 N.W.2d 224 (quoting *Okken v. Okken,* 325 N.W.2d 264, 269 (N.D.1982)).

In particular, when a motion for a new trial is made and the reason given in support of the motion is that there was insufficient evidence to justify the verdict, the moving party is asking the trial court to decide whether or not the verdict is against the weight of the evidence. And in making this decision, the trial judge must weigh the evidence; he must consider that evidence which supports the verdict equally with that evidence which challenges the verdict. In short, when ruling on a motion for a new trial, the trial judge may consider *all* the evidence.

*Okken,* at 269 (citations omitted). While a district court is given great latitude to decide whether a motion for a new trial should be granted, its discretion is not without limits.

We do not mean ... that [the trial judge] is to substitute his own judgment in all cases for the judgment of the jury, for it is their province to settle questions of fact; and, when the evidence is nearly balanced, or is such that different minds would naturally and fairly come to different conclusions thereon, he has no right to disturb the findings of the jury, although his own judgment might incline him the other way. In other words, the finding of the jury is to be upheld by him as against any mere doubts of its correctness. But when his judgment tells him that it is wrong, that, whether from mistake, or prejudice, or other cause, the jury have erred, and found against the fair preponderance of the evidence, then no duty is more impera-

tive than that of setting aside the verdict, and remanding the question to another jury.

*Cook v. Stenslie,* 251 N.W.2d 393, 396 (N.D.1977) (citations omitted). "To set aside a jury verdict and grant a new trial, the trial court must find the verdict to be manifestly against the weight of the evidence." *Larson v. Kubisiak,* 1997 ND 22, ¶ 6, 558 N.W.2d 852 (citations omitted).

[¶ 26] In its brief order denying Brandt's motion for a new trial, the district court does not specify the standard it applied.

There was sufficient evidence supporting the verdict. The defendant's expert concluded that the cultivator did not cross the center line of the road. A violation of a statutory duty is evidence of negligence and not negligence per se under North Dakota law. Considering the evidence in favor of the defendant this court cannot say that the jury errored [sic] in finding no negligence on the part of the defendant.

The district court's reference to "the evidence in favor of the defendant" could be an indication it applied the incorrect standard and looked only to the evidence most favorable to the verdict. Yet, the district court did not indicate the verdict was unjust or against the manifest weight of the evidence.

[¶ 27] We will not infer from the district court's lack of specificity that it applied the wrong standard. *See First Nat'l Bank of Kenosha v. United States,* 763 F.2d 891, 896 (7th Cir.1985) (The fact a district court did not expressly articulate the standard it applied does not necessarily mean that it applied an erroneous standard). In any event, to the extant that Brandt may have invited possible error by the district court in setting forth the appel-

late standard rather that the trial-court standard, we would not reverse the district court's decision on that basis. *See, e.g., State ex rel. Claver v. Broute,* 197 N.W. 871, 874 (N.D. 1923) (on petition for rehearing).

[¶ 28] Accordingly, we proceed to our appellate review of the district court's denial of Brandt's motion for a new trial.

B

[¶ 29] On appeal, "[t]he standard for reviewing an order denying a motion for new trial is, after viewing the evidence in the light most favorable to the verdict, whether there is sufficient evidence to justify the verdict." *Braunberger,* 2000 ND 45, ¶ 7, 607 N.W.2d 904. "When there is conflicting evidence, we are bound by the jury verdict." *Olson v. Griggs County,* 491 N.W.2d 725, 732 (N.D. 1992). "We should not substitute our view of the evidence for the verdict of the jury unless it is erroneous beyond any debate." *Hagstrom v. Brendel,* 405 N.W.2d 299, 301 (N.D.1987).

[¶ 30] Brandt alleges three deficiencies in the jury's verdict: (1) Milbrath admitted he was negligent because his cultivator lacked the statutorily required reflectors, (2) the evidence showed the cultivator was over the center line at the time of the collision, and (3) the lights on Milbrath's tractor were so bright they blinded oncoming traffic.

[¶ 31] First, Brandt argues, Milbrath admitted he was negligent because his cultivator lacked the statutorily required reflectors. The alleged violation of a statutory duty is evidence of negligence, not negligence per se under North Dakota law. *See Praus v. Mack,* 2001 ND 80, ¶ 35, 626 N.W.2d 239 ("the violation of a statutory or regulatory duty is evidence of negligence and not negligence per se"); *Larson v. Kubisiak,* 1997 ND 22, ¶ 8, 558 N.W.2d 852 (citations to North Dakota's "well-established case law that the violation of a statutory duty is evidence of negligence and not negligence per se"). The jury was properly instructed that evidence of negligence may not result in negligence, and it was not erroneous for the jury to conclude that the lack of reflectors, although evidence of negligence, was not negligence.

[¶ 32] Second, Brandt argues the evidence showed the cultivator was over the center line at the time of the collision. An abundance of conflicting testimony was given on this issue. Both Brandt and Milbrath produced witnesses who testified one of the parties' vehicles was over the center line at the time of the collision. Both parties produced contrary explanations of what they believed the measurements taken at the scene represented. "When there is conflicting evidence, we are bound by the jury verdict." *Olson v. Griggs County,* 491 N.W.2d 725, 732 (N.D.1992). It was not erroneous for the jury to find Milbrath's cultivator was not over the center line at the time of the collision.

[¶ 33] Third, Brandt argues the lights on Milbrath's tractor were so bright they blinded oncoming traffic. Brandt and the law enforcement officers at the scene all testified the light from Milbrath's tractor was "bright." One officer used the word "blinding" in his report. Brandt admitted she knew the lights might be from a tractor. Milbrath testified he was using the

tractor's "road lights" at the time of the collision. One of Milbrath's expert witnesses testified the lights on the tractor appeared to be the factory-installed lights. The jury instructions included the type of lighting a tractor must have. There was no evidence the lights on the tractor were in violation of the statutorily required lighting, and even if there had been, it only would have been evidence of negligence. *See Praus v. Mack*, 2001 ND 80, ¶ 35, 626 N.W.2d 239 ("the violation of a statutory or regulatory duty is evidence of negligence and not negligence per se"); *Larson v. Kubisiak*, 1997 ND 22, ¶ 8, 558 N.W.2d 852 (citations to North Dakota's "well-established case law that the violation of a statutory duty is evidence of negligence and not negligence per se"). It was not erroneous for the jury to have found the brightness of the lights on Milbrath's tractor did not amount to negligence.

[¶ 34] Although the jury was presented with conflicting evidence, it had sufficient evidence to find Milbrath was not negligent. The district court did not act in an arbitrary, unreasonable, or unconscionable manner in denying Brandt's motion for a new trial. Accordingly, we conclude the district court did not abuse its discretion in denying Brandt's motion for a new trial, based on the sufficiency of the evidence.

## IV

[¶ 35] Because the district court did not abuse its discretion in refusing to allow Brandt's witness to testify, and because there was sufficient evidence to support the jury's verdict, we affirm the district court's judgment and order denying Brandt's motion for a new trial.

[¶ 36] GERALD W. VANDE WALLE, C.J., DONALD L. JORGENSEN, D.J., and DALE V. SANDSTROM and WILLIAM A. NEUMANN, JJ., concur.

CAROL RONNING KAPSNER, J., concurred in the result.

[¶ 37] The Honorable DONALD L. JORGENSEN, District Judge, sitting in place of MARING, J., disqualified.